# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

CITIBANK, N.A., )
)
Plaintiff/Counterclaim Defendant, )
)
v. )
)
GEORGE W. JACKSON, on behalf of )
himself and others similarly situated, )
)
Defendant/Counterclaim Plaintiff. )
_____ )  CIVIL NO. 3:16-cv-00712-GCM
)
GEORGE W. JACKSON, on behalf of )
himself and others similarly situated, )
)
Counter-Plaintiff and Third-Party )
Plaintiff, )
)
v. )
)
HOME DEPOT U.S.A., INC., and )
CAROLINA WATER SYSTEMS, INC., )
)
Third-Party Defendants. )
_____ )

## COUNTER-PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447 (c), Counter-Plaintiff George Jackson, by and through undersigned counsel, hereby moves this Honorable Court for an Order remanding this matter to the General Court of Justice, District Court Division, Mecklenburg County, North Carolina**.**

## INTRODUCTION

Third-Party Defendant Home Depot ("Home Depot") removed this action from the General Court of Justice, District Court Division, Mecklenburg County, North Carolina, alleging

1

this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 (CAFA). Defendant and Counter-Plaintiff George Jackson's ("Jackson") motion to remand should be granted because Home Depot has not and cannot meet its burden of proof under the statutory and Fourth Circuit's preponderance of evidence standard, that this action meets CAFA's jurisdictional threshold of more than $5 million in controversy. 28 U.S.C. § 1332(d)(2). Further, the requirements of the local controversy exception to CAFA have been met and mandate remand. Also, Jackson's motion should be granted because controlling precedent expressly prohibits removal by a third-party/additional counter defendant like Home Depot.

## **BACKGROUND**

Jackson was sued by Plaintiff and Counterclaim Defendant Citibank NA ("Citibank") to collect an allegedly outstanding debt for a water filtration system purchased by Jackson from Home Depot and Counterclaim Defendant Carolina Water Systems ("CWS"). Jackson timely answered and asserted a Third Party class action complaint on August 26, 2016, alleging that Home Depot and CWS had a scheme of misleading customers about the alleged dangerousness of their water and subsequently selling them unnecessary water filtration systems. Citibank voluntarily dismissed its lawsuit without prejudice against Jackson on September, 23 2016. Jackson alleges this scheme is an unfair and deceptive trade practice. Further, Jackson alleges Home Depot's and CWS's advertising and solicitation of water treatment system, offering free products and/or compensation to potential customers who agree to refer other purchasing customers, is a violation of North Carolina's Referral Sales Statute. G.S. § 25A-37.

Home Depot and CWS knowingly and willfully target new homeowners and other customers using a referral based system, whereby customers refer their friends with the promise that a certain number of referrals will allow the customer to get the water treatment system for

2

free. Complaint, ¶ 32. Home Depot and CWS regularly and systematically used this unlawful referral program to entice customers into purchasing the water treatment equipment under the customers' mistaken belief that the cost of the water treatment system would be fully or partially offset based on the referral of other customers. *Id.,* ¶ 33.

To help arrange sales demonstrations, Home Depot and CWS routinely and systematically offer a free test of the consumer's tap water. *Id.,* ¶ 35. Rather than a brief water test, Home Depot and CWS conduct a scripted presentation that employees and representatives are required to follow in every home solicitation pitch. *Id.,* ¶ 34. The scripted pitch does include a water test; however, this test only measures the hardness of the water and not whether it is harmful or contains contaminants. *Id.,* ¶ 37. This test is used to infer to the customer that the tap water contains pollution, harmful chemicals, and other cancer-causing carcinogens. *Id.* The purpose of the entire sales demonstration is to coerce the homeowner into buying the water softener on the spot. *Id.,* ¶ 39. Upon information and belief, Home Depot and CWS pay only $800-$1,000 for the water softeners that are then sold for $8,990 to customers. *Id.,* ¶ 39. Once the water softener has been purchased, Home Depot and CWS arrange for installation of the water softener within twenty-four hours of the sale. *Id.,* ¶ 41. This quick turnaround from sale to installation accomplishes two important goals for Home Depot and CWS. *Id.* First, it is much more difficult for a homeowner to change his mind if the equipment has been installed. *Id.* Second, Home Depot and CWS do not bring the homeowner's finance contract until at least three days after the initial sale occurs. *Id.* When the finance contract is presented by Home Depot and CWS to the customer, many homeowners discover for the first time they will be paying interest as high as 25.99%. *Id.,* ¶ 42. Homeowners at this point are unable to cancel the sale because their three-day right to cancel the transaction has expired. *Id.* This leaves the homeowner

3

with no option but to sign the finance contract. *Id.* Despite the fact that Home Depot and CWS's referral program and tests constitute unfair and deceptive trade practices, Home Depot and CWS continue to uniformly represent this information to customers because their entire business model is based on the referral program and fear tactics regarding the condition of the customers' tap water. *Id.*, ¶ 44.

Counter-Plaintiff Jackson asserts claims on behalf of himself and "[a]ll persons in the state of North Carolina that entered into a Home Improvement Agreement with Home Depot for 'water treatment' equipment." *Id.* ¶ 46. Further, Counter-Plaintiff Jackson asserts claims on behalf of himself and "[a]ll persons in the state of North Carolina that purchased a Water Treatment System from Carolina Water Systems, Inc., during the Class Period." *Id.*

## LEGAL STANDARD

CAFA confers federal jurisdiction over class actions in which (a) any class member is a citizen of a State different from any defendant, (b) there are 100 or more members in the putative class, and (c) the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). However, the grant of federal jurisdiction provided by CAFA is subject to several exceptions, including the so-called "local controversy" and "home state" exceptions. 28 U.S.C. § 1332(d)(4). *Martin v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 84903, 10, 2010 WL 3259418 (S.D. W. Va. Aug. 18, 2010). The "local controversy" and "home state" exceptions require mandatory remand. *Id.*

Under Fourth Circuit precedent, Home Depot bears the burden of proving jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) ("We thus conclude that in removing a class action based on diversity jurisdiction under 28 U.S.C. §§ 1453 and 1332(d), the

4

party seeking to invoke federal jurisdiction must allege it in his notice of removal and, when challenged, demonstrate the basis for federal jurisdiction."); *Ferrell v. Express Check Advance of SC LLC,* 591 F.3d 698, 707 (4th Cir. 2010) (relying on *Strawn* to remand when a defendant had not carried burden of demonstrating minimal diversity).

Moreover, removal statutes, including CAFA, are to be construed strictly against removal. *See Palisades Collections LLC v. Shorts,* 552 F.3d 327, 333-34 (4th Cir. 2008) (noting the "well-established principle that we are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated"); *Mulcahey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994) (stating that "we must strictly construe removal jurisdiction"); *Krivonyak v. Fifth Third Bank*, No. 2:09-cv-00549, 2009 U.S. Dist. LEXIS 67726 at *8 (S.D. W. Va. Aug. 4, 2009) (same). If federal jurisdiction is doubtful, a remand to state court is necessary. *See Palisades,* 552 F.3d at 334; *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("courts 'should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction'"); *Mulcahey*, 29 F.3d at 151; *Krivonyak,* 2009 U.S. Dist. LEXIS 67726, at *8. "When determining who is a member of the proposed class, the complaint must be read as a whole." *Caufield v. EMC Mortg. Corp*., 2011 U.S. Dist. LEXIS 78646 (S.D. W. Va. July 19, 2011) (citing *Krivonyak,* 2009 U.S. Dist. LEXIS 67726 at *8).

Once a defendant has established federal jurisdiction under CAFA, the burden shifts back to the plaintiff to show that the local controversy or home state exception applies. *Martin v. State Farm Mut. Auto. Ins. Co.* at 11-12. *See, e.g., Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153-54 (3rd Cir. 2009); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); Hart, 457 F.3d at 680; *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164-65 (11th Cir. 2006). This is consistent with the

5

language of the statute, as well as with the general principles governing removal jurisdiction. *See, e.g., Kaufman*, 561 F.3d at 154 ("[S]ince 1948 ... there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception.") (quoting *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698, 123 S. Ct. 1882 (2003)).

## ARGUMENT

**A.**     **The Court lacks CAFA jurisdiction because the amount in controversy does not exceed $5 million, and Counter-Plaintiff Jackson challenges Home Depot's allegations to the contrary.**

As the removing party, Home Depot bears the initial burden of showing by a preponderance of the evidence that CAFA's jurisdictional requisites are satisfied.  CAFA grants "the district courts...original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," where there are at least 100 members of the putative class, and at least one member of the putative class is a citizen of a state different from one defendant. 28 U.S.C. §§ 1332(d)(1)-(2). However, after removal, "[i]f at any time ... it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c).

In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), the U.S. Supreme Court recently clarified the manner in which courts should evaluate the amount in controversy question under CAFA.  After *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.  However, if challenged by the plaintiff or the court, 28 U.S.C. § 1446(c)(2)(B) instructs: "[R]emoval ... is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the

6

evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Id.* at 553–54. The Supreme Court went on to note that "discovery may be taken with regard to that question," and that in case of a dispute, the district court must make findings of fact to which the preponderance standard applies. *Id.*

Placing the burden on the removing party to establish by a preponderance of the evidence that CAFA's jurisdictional requirements are satisfied is in accord with Fourth Circuit precedent that post-dates *Dart Cherokee:*

> Of course, on a challenge of jurisdictional allegations, '[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.' " Id. (quoting *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). When jurisdiction is challenged, the removing party must prove jurisdiction by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); see also *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.").

*Crookshanks v. Healthport Techs., LLC,* No. 2:16-CV-03508, 2016 WL 4099296, at *2 (S.D.W. Va. Aug. 2, 2016)*;* see also *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 734 (4th Cir. 2009) (pre-dating *Dart Cherokee*, but adopting the same preponderance of evidence standard).

In this case, and as Counter-Plaintiff Jackson will demonstrate, Home Depot has offered nothing more than the bare assertions of counsel, self-serving assumptions, and rank speculation in support of its claim that the jurisdictional requirement of $5 million in controversy is satisfied. Not only does Counter-Plaintiff challenge Home Depot's "plausible allegation" (which Jackson avers is an <u>implausible</u> allegation) regarding amount in controversy, but Counter-Plaintiff Jackson would go further to assert that Home Depot cannot meet its burden of proof that CAFA's $5 million jurisdictional threshold is satisfied in this case. Home Depot wrongly conflates either the purchase price of $9,000 or the amount of the alleged debts of $12,000 with

the damages sought in this case, which are the amounts already paid on contracts which Jackson seeks to void. As Home Depot cannot establish by a preponderance of the evidence that the requisite amount in controversy exists, under any evidentiary showing that it might make, immediate remand is proper and warranted.

There is no question that under the current record, Home Depot has submitted no evidence or documentation in support of its amount in controversy allegations. Unlike many parties who submit supporting declarations or affidavits in support of their removal notices, Home Depot made the tactical decision to leave the record totally barren at this stage. While *Dart Cherokee* may make this a permissible method of initially satisfying the jurisdictional pleading requirements for removal, failing to provide the Court or the Plaintiff with any supporting documentation or evidence makes it impossible to let Home Depot's amount in controversy sail past unchallenged. In the absence of any evidence, it is impossible to evaluate the validity of Home Depot's amount in controversy assertions. Pursuant to *Dart Cherokee*, Counter-Plaintiff Jackson challenges Home Depot's amount in controversy allegations, and contemporaneously has served discovery on the amount in controversy allegations.

If, however, Home Depot decides to rest upon its jurisdictional allegations regarding amount in controversy as currently pled, Home Depot has utterly failed to meet its evidentiary burden under the preponderance of evidence standard.

Home Depot's first argument is based upon *JTH Tax, Inc. v. Frashier,* 624 F.3d 635 (4th Cir. 2010), which Home Depot takes to stand for the entirely novel proposition that even where the plaintiff's complaint does not contain a sum certain claimed, the complaint is still the best source for demonstrating that Home Depot has met its jurisdictional burden on amount in

controversy. Of course, this is not at all what *Frashier*, or any of the other similar case, says.

The court in *Frashier* wrote:

> In most cases, the "sum claimed by the plaintiff controls" the amount in controversy determination. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

*JTH Tax, Inc. v. Frashier*, 624 F.3d at 638. However, the court in *Frashier* did not state that where the complaint does not include a "sum claimed," that courts sift through plaintiff's allegations and construct a "sum claimed" from cobbled together allegations. Home Depot omits all the pertinent language that makes this apparent, as can be seen here:

> Courts generally determine the amount in controversy by reference to the plaintiff's complaint. See *Wiggins*, 644 F.2d at 1016 ("Ordinarily the jurisdictional amount is determined **by the amount of the plaintiff's original claim**, provided that the claim is made in good faith."). If the complaint in good faith **alleges a sufficient amount in controversy**, "[e]vents occurring subsequent" to the filing of the complaint "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury*, 303 U.S. at 289–90, 58 S.Ct. 586.

*Id.* (emphasis added). Here, the counterclaim complaint is devoid of any sum certain claimed. Home Depot cannot point to any sentence or paragraph of the counterclaim complaint that sets out the sum claimed, because the counterclaim complaint doesn't contain a sum certain claimed.

The district court in *Crookshanks*, *supra*, specifically cited *Frashier*, and then drew the very distinction that Counter-Plaintiff Jackson makes here, finding that *Frashier* is inapposite:

> A different test applies in removal situations—such as the situation here—in which the plaintiff has made an unspecified demand for damages in state court. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.* (citing *Gaus v. Miles Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

*Crookshanks*, 2016 WL 4099296, at *2. The Fourth Circuit follows the same rule:

9

> Determining the amount in controversy becomes more difficult, however, where, as here, Plaintiffs have left damages unspecified in their complaint. In this case, both parties agree that the defendant's burden in these circumstances is to establish the jurisdictional amount by a preponderance of the evidence.

*Bartnikowski v. NVR, Inc*., 307 F. App'x 730, 734 (4th Cir. 2009). Home Depot cannot simply look to the complaint to satisfy its jurisdictional burden.

Based upon its own self-serving assumptions, Home Depot argues that the amount in controversy is at least $5.4 million dollars, if treble damages are awarded. To reach this number, Home Depot has to: (1) ignore the plain allegations of the Complaint, and (2) inflate the amount of damages sought by Plaintiff in order to reach CAFA's amount-in-controversy requirement.

The Court should note that as the counter-party to the contracts of all putative class members, Home Depot is in possession of evidence that can be used to determine an accurate amount-in-controversy. Specifically, Home Depot knows the exact number of contracts for water softeners purchased under the referral scheme complained of, in the State of North Carolina over the time frame specified by Plaintiff. Home Depot or its agents also know the exact amounts paid to date by Mr. Jackson and all other purchasers similarly situated. Despite having this information readily available, Home Depot chose to only rely on speculation and creative interpretation of the Complaint's allegations to support its Notice of Removal. Specifically, to satisfy the $5 million dollar amount in controversy requirement, Home Depot made several self-serving assumptions that prove fatal to removal. For the reasons discussed below, this Court lacks subject matter jurisdiction over this case and it should be remanded to the General Court of Justice, District Court Division, Mecklenburg County, North Carolina**.**

**1.    Home Depot ignores the plain allegations of the Complaint, which seeks to void the contracts and award damages for the consideration already paid.**

10

While the counterclaim complaint does not specify a sum certain sought for damages, the Complaint is not silent as to what relief Plaintiff seeks. Paragraph 62 is one of the operative paragraphs, and states:

> 62.    As a result, JACKSON and class members are entitled to a declaration that their obligations under the agreement are void and a nullity, damages (including but not limited to consideration paid), injunctive relief, and attorneys' fees and costs as allowable under the Referral Sales Statute, and the agreements at issue.

While this plain language needs no interpretation, the basic gist is that Counter-Plaintiff Jackson seeks to: A) void the contracts of himself and other individuals similarly situated, and B) seeks to recoup the consideration already paid. That is the basic damage amount sought, and is unequi-vocally not the purchase price of $9,000, nor the purchase price plus accrued interest of $12,000.

The underlying, dismissed Citibank complaint establishes without question that Jackson did not ever pay $9,000, nor did he pay $12,000. Mr. Jackson will admit and stipulate that he never paid those amounts, but that to the best of his recollection, he paid only **$1,080.00** for his water treatment system to date. *See* Paragraph 22 of Affidavit of George Jackson, attached hereto as **Exhibit 1**. Yet Home Depot attempts to use the $9,000 purchase price, trebled to $27,000, to satisfy its jurisdictional requirement. This is rank, self-serving speculation, and goes far beyond the four corners of the Complaint, the very complaint that Home Depot claims it is basing its amount in controversy jurisdictional argument upon.

This is exactly the sort of speculation and conjecture federal courts have consistently held may not form the basis of federal jurisdiction under CAFA. See *Caufield v. EMC Mortgage Case Corp.*, 803 F. Supp. 2d 519 (S.D. W.V. 2011) (granting remand on basis that defendant improperly calculated the amount in controversy by using the amount of loans defendant serviced, and not the amount of loans that defendant serviced in the same manner as the named

Case 3:16-cv-00712-GCM   Document 24   Filed 11/08/16   Page 11 of 28

plaintiff's loan).  In *Caufield*, the court determined that defendant's assumption that all of the loans in its possession were serviced in the same defective manner as the plaintiff's loan was pure speculation. 803 F. Supp. 2d at 528. In fact, the court stated the "[m]erely multiplying the number of [loans] that the defendant has serviced by the amount the named plaintiff may recover cannot constitute a sufficient basis for removal jurisdiction under CAFA." *Id.*

The Fourth Circuit made a similar ruling in *Bartnikowski*, *supra*.  In *Bartinikowski*, the removing party's amount in controversy allegation rested upon an unsupported assumption that each class member worked at least 5 hours of overtime:

> [The removing party's] ultimate estimate of the amount in controversy, however, is fatally undermined by the wholly unsupported assumption on which its calculations ultimately rest-that Plaintiffs and class members will each claim to have worked an average of five hours of overtime per week.

*Bartnikowski v. NVR, Inc*., 307 F. App'x 730, 735 (4th Cir. 2009).   The Fourth Circuit first noted that "given the centrality" of the 5 hour allegation, the court "simply cannot take NVR's [the removing party's] word" regarding that allegation. *Id.* at 737.  The *Bartnikowski* court went on to find that the removing party "put forth no evidence of its own to support the number; rather, it has presented only a conjectural argument." *Id.*  The court then stated that the removing party cannot simply "pull numbers from thin air in determining the amount in controversy." *Id.*  The court then ruled:  Because NVR [the removing party] has presented no credible evidence to support the "five hours" assumption, NVR simply cannot satisfy its burden of demonstrating that jurisdiction would be proper." *Id.*

Under the facts of this case, and taking Mr. Jackson as a representative class member, the amount of per plaintiff actual damages is $1,080.00, not $9,000.  If one assumes $1,080.00 of actual consideration paid by each plaintiff, the damages per plaintiff would be no more than

$3,240 if the damages were trebled, which would require there to be over 1,543 plaintiffs to meet the $5 million dollar jurisdictional threshold. Jackson does not allege that there are "thousands" of plaintiffs in his Complaint, and Home Depot certainly doesn't acknowledge the existence of thousands of potential class members. Under the plain language of the Complaint, the requisite $5 million dollar amount in controversy cannot be established.

It is particularly galling that Home Depot seeks to use numbers that it knows would not be compensable under the actual facts of the case. Again, Home Depot has, within its custody or control, exact information about the amounts paid by Mr. Jackson and those similarly situated. It has the exact number of contracts for water treatment systems sold under this referral scheme in the State of North Carolina for the applicable time frame within its grasp. If Home Depot believes in good faith that it can meet the $5 million dollar jurisdictional minimum under CAFA, it should "put up or shut up," by presenting evidence that meets its burden.[1]

### 2. Even under Home Depot's own interpretation of the Complaint, there is no evidence that it can produce that would meet its burden.

While Counter-Plaintiff Jackson admits that *Dart Cherokee* contemplates discovery and the weighing of evidence on the amount in controversy question, Plaintiff avers at this pre-discovery phase that there is no evidentiary presentation that Home Depot can make that would satisfy its preponderance of evidence burden, and that the Court should therefore immediately order the case remanded. Home Depot admits that Counter-Plaintiff Jackson alleges "hundreds" of plaintiffs, and concedes that hundreds could be only 200. For Home Depot to meet the jurisdictional minimum, that would mean that each class member would have had to have paid

---

[1] It is also galling where class action defense attorneys nationwide routinely argue that class action plaintiffs may not aggregate the amount of alleged debts, which is exactly what Home Depot attempts to do here to improperly gain federal court jurisdiction.

13

no less than $8,333.33 on their contracts for the water treatment systems ($8,333.33, trebled to $25,000 per plaintiff, multiplied by 200 plaintiffs equals $5 million). Again, Mr. Jackson paid nowhere near $8,333.33 on his contract. His affidavit attests that he paid only $1,080.00. *See* **Exhibit 1**, Paragraph 23.

Even if the Counter-Plaintiff's allegation of "hundreds" of plaintiffs was construed as meaning 999 plaintiffs (which Mr. Jackson is <u>not</u> alleging), Home Depot would have to show that each of those 999 plaintiffs paid no less than $1,668.34 on their contracts ($1,668.34, trebled to $5005.02 per plaintiff, multiplied by 999 plaintiffs equals $5,000,014.90. Again, looking at the payments of the actual, representative plaintiff, Mr. Jackson, Home Depot cannot meet its burden, regardless of what evidence it might produce in response to Jackson's challenge and Jackson's discovery requests. 999 times $1,080.00, trebled to $3,240 per plaintiff, only equals $3,236,760. Home Depot can never get to $5 million under the plain language of the Complaint at issue.

### 3. The Number of Potential Class Members Set Forth in the Notice of Removal is Speculative.

Home Depot seeks to multiply the unknown by the unknown to satisfy CAFA's amount-in-controversy requirement. While Home Depot has both the number of contracts for water softeners sold in the State of North Carolina and the amounts actually paid under those contracts within its control, it simply speculates as to both by making assumptions and creative interpretations of the counterclaim complaint. Rather than identify the number of contracts, which would put an actual number in place, Home Depot just interprets "hundreds" to mean 200.

In a similar case, the court noted that mere speculation as to the number of potential class members with actual damages is insufficient to prove jurisdiction under CAFA. *Caufield*, 803

F.Supp.2d at 530. In *Caufield*, the district court rejected the removing parties' attempt to prove the jurisdictional amount in controversy where the defendant based its calculations on assumptions regarding the number of potential class members and assumptions that each potential class members would be entitled to the same amount as the named plaintiff. *Id*. at 527-28. The court succinctly explained:

> You cannot multiply an unknown by an unknown, however; [defendant] bears the burden of showing by a preponderance of the evidence, beyond mere speculation and conjecture, that the requirement is actually met. The mere possibility that the plaintiff and proposed class could meet that requirement is not enough to give this court jurisdiction.

*Id.* at 528.

Like in *Caufield*, Home Depot's demonstration of the jurisdictional amount under CAFA is based upon speculation, conjecture and assumptions. Home Depot improperly assumed that 1) there are at least 200 class members, and 2) that each of those class members sustained actual damages of the full purchase price of their water softener systems. These assumptions show that Home Depot blindly calculated the amount in controversy put forward in their Notice of Removal without knowing how many contracts were actually entered into in the State of North Carolina during the relevant time frame, or how much was actually paid under those contracts. In fact, this evidence could be procured from Home Depot's records. Instead, Home Depot chose to rely on speculation in an effort to create jurisdiction where none exists. Accordingly, there is no factual basis for Home Depot's argument that the amount in controversy exceeds $5,000,000.

### B. The case must be remanded because the requirements for the Local Controversy Exception have been met.

Even if the removing party meets its initial jurisdictional burden, CAFA requires a district court to decline to exercise jurisdiction over certain class actions that fall within certain well recognized exceptions. A district court shall decline to exercise jurisdiction over class actions in which: (1) greater than two-thirds of the members of all proposed plaintiff classes- in the aggregate- are citizens of the State in which the action was originally filed; (2) at least one defendant from whom significant relief is sought, and whose alleged conduct forms a significant basis for the class claims, is a citizen of the State in which the action was commenced; (3) the principal alleged injuries were incurred in the State in which the action was filed; and (4) during the three years prior to filing, no other class action asserting similar factual allegations was filed. 28 U.S.C. § 1332(d)(4)(A). *Carter v. Allstate Ins. Co.*, 2012 U.S. Dist. LEXIS 117288, 18, 2012 WL 3637239 (N.D. W. Va. Aug. 21, 2012). Here, the facial allegations of Mr. Jackson's Class Action Counterclaim unequivocally bring this case within the ambit of the Local Controversy Exception, providing an alternative basis for remanding this case to state court.

> **1.     Greater than two-thirds of the putative class members are citizens of North Carolina.**

As Mr. Jackson alleged in the Class Action Counterclaim and Third Party Complaint, he is a class representative for all persons in the state of North Carolina who entered into a Home Improvement Agreement with Home Depot and all persons in the state of North Carolina who purchased a Water Treatment System from CWS. Complaint, ¶ 46. Since both classes are completely comprised of citizens from North Carolina, the two thirds requirement is easily met.

> **2.     CWS, a defendant from whom significant relief is sought, is a citizen of North Carolina.**

The Fourth Circuit has not interpreted the term "significant relief". *Carter v. Allstate Ins. Co. at 24.* The neighboring Eleventh Circuit, however, has held that "a class seeks 'significant

16

relief' against a defendant when the relief sought against the defendant is a significant portion of the entire relief sought." *Evans v. Walter Indus.*, 449 F.3d 1159, 1167 (11th Cir. 2006). The court in *Evans* further explained that the significant relief test requires a comparative analysis that "includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Id.* In addition, the Third Circuit, has held that this component of the local controversy exception requires that there be "at least one local defendant whose alleged conduct forms a significant basis for all the claims asserted in the action." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 155 (3d Cir. 2009). For the purposes of CAFA, the citizenship of a corporation is determined by the State in which it is incorporated and the State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702, 2010 U.S. App. LEXIS 424, 8 (4th Cir. S.C. 2010).

CWS is a North Carolina corporation with its principal place of business at 1705-d Orr Industrial Court, Charlotte, North Carolina 28213. CWS does business in Mecklenburg County, and throughout the state of North Carolina. Therefore, because CWS's principal place of business is located in North Carolina, CWS is a citizen of North Carolina.

Here, significant relief is plainly sought from CWS. Two out of the three causes of action asserted in the complaint are alleged against CWS. Under Count I of the complaint, damages including consideration paid are sought against CWS. Further under Count II, claims for restitution and treble damages are asserted and sought against CWS. As Defendant Home Depot points out in its Notice of Removal, Counts I and II form the primary basis of the amount in controversy computation.

In addition, Counts I and II of the complaint are also alleged against Home Depot. Thus, if a potential judgement were to be levied against CWS and Home Depot, they would be jointly and severally liable under Counts I and II. Since damages including consideration paid, treble damages, and injunctive relief are all sought against CWS, significant relief is sought from CWS.

In addition, CWS's conduct forms a significant basis for all of the claims asserted in the complaint, because CWS's deceptive conduct of providing Mr. Jackson with a misleading water test and subsequently recommending he purchase a water softener system forms the basis of Counts I and II of the complaint. Under Count I of the complaint, CWS's selling of water softeners through a referral program to further coerce the customer into purchasing water softeners forms the basis of the violation of North Carolina's Referral Sales Statute. G.S. § 25A-37. By using a referral program, CWS's including consideration based upon the procurement of prospective customers violates G.S. § 25A-37. Further, by performing precipitant tests on customer's tap water, uniformly failing to present customers with financing terms until after the equipment has been installed in the home, and circumventing the customer's three-day right to cancel by installing the equipment the next day and before financing terms are disclosed, CWS engaged in unfair and deceptive trade conduct in violation of G.S. § 75-1.1. Therefore, CWS's conduct forms a significant basis for both Counts I and II of the complaint.

### 3. Plaintiffs incurred the principal alleged injuries in North Carolina.

There is no dispute that the plaintiffs incurred the principal alleged injuries in North Carolina. A representative of CWS and Home Depot called Jackson in July 2014 in Mecklenburg County, North Carolina. **Exhibit 1**, ¶ 4. Thereafter, a CWS and Home Depot sales representative showed up at Jackson's house for the purpose of conducting a water test. *Id.* ¶ 9. However, the simple water "test" was in fact a full sales presentation, which included props and

18

a sales pitch and lasted over three hours. *Id.*, ¶¶ 9, 12. The sales representative indicated to Jackson that he needed to protect himself because his water was unsafe and there were cancer causing-agents in the water. *Id.*, ¶ 10. After the sales representative told Jackson the product was $8,900, thereafter Jackson indicated he could not afford the product. *Id.*, ¶ 12, 13. However, the sales representative told Jackson he would receive the product for free if he referred six customers who purchased a water system and could receive up to $200 for each referral. *Id.* ¶ 14. Based on the representations about the poor quality of the tap water, the vastly improved quality of the tap water from the Home Depot and CWS water treatment system, along with the promise the system would be free after six referrals bought a water system, and low interest rates available for financing, Jackson decided to purchase the water treatment system that day. *Id.*, ¶ 14, 15, 16, 17. These are the principal injuries suffered because they form the basis for damages sought in Counts I and II of the complaint. Further, all of Jackson's injuries occurred at his home in Mecklenburg County, North Carolina. Thus, the principal alleged injuries were incurred in North Carolina. Since Jackson represents all persons in the state of North Carolina who entered into a Home Improvement Agreement with Home Depot and all persons in the state of North Carolina who purchased a Water Treatment System from CWS, their alleged principal injuries would also have incurred in North Carolina.

### 4. During the three years prior to filing, no other class action asserting similar factual allegations was filed.

To date, upon information and belief, no other class action asserting similar factual allegations against CWS or Home Depot has been filed in the state of North Carolina.

### C. A third-party defendant such as Home Depot is prohibited from removal.

The Fourth Circuit's holding in *Palisades* controls this case. In *Palisades,* the court held:

> We reiterate that our holding today is narrow: Under both § 1441(a) and § 1453(b), a counter-defendant may not remove a class action counterclaim to federal court.

*Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337, 2008 U.S. App. LEXIS 25165, 27-28 (4th Cir. W. Va. 2008). Further, the Court held "Thus, given that we have already concluded that "defendant" in § 1441(a) means only an original defendant, we must likewise conclude that "defendant" in § 1441(b) means only an original defendant." *Id.* at 22. In *Palisades*, Palisades Collection L.L.C. filed a collection action in West Virginia state court against an AT&T Mobility L.L.C. (ATTM) customer, Charlene Shorts, to recover $794.87 in unpaid charges plus interest regarding her cellular phone service contract. Shorts then filed an answer denying the complaints allegations, and asserted a counterclaim against Palisades alleging "unlawful, unfair, deceptive and fraudulent business act[s] and practices," in violation of the West Virginia Consumer Credit & Protection Act. *Id.* at 3-4. After Shorts was granted leave to file an amended class action counterclaim joining ATTM as an additional counter defendant, ATTM removed the case to the United States District Court for the Northern District of West Virginia. *Id.* at 4. In response, Shorts filed a motion to remand, arguing that ATTM could not remove because it was not a defendant pursuant to the general removal statute 28 U.S.C.A. § 1441. *Id.* The District Court granted Short's motion to remand and remanded the case back to state court and concluded that ATTM could not remove the case to federal court because: (1) "it [was] not a 'defendant' for purposes of removal under § 1441," *Palisades Collections L.L.C. v. Shorts*, No. 5:07CV098, 2008 U.S. Dist. LEXIS 6354, at *13 (N.D. W. Va. Jan. 29, 2008), and (2) CAFA does not create

independent removal authority that would allow ATTM to "circumvent the long-standing requirement that only a true defendant may remove a case to federal court,' id. at *29." *Id.* at 6.

Here, Home Depot seeks to get around what *Palisades* expressly prohibits: removing a class action counter claim under CAFA as a third-party/additional counter defendant. Like the counterclaim plaintiff in *Palisades,* Jackson was sued for the collection of an outstanding debt. Like the counterclaim plaintiff in *Palisades,* Jackson asserted a class action counter claim and added a third-party/additional counter defendant, Home Depot. Like the additional counter defendant in *Palisades*, Home Depot removed the case. Although Citibank voluntarily dismissed its claim against Jackson, Home Depot is still a third-party/additional counter defendant for removal purposes. Thus, this Court is bound under *Palisades* to remand the case to state court.

Home Depot makes a half-hearted attempt to avoid the *Palisades* ruling by advancing two meritless arguments, buried in its Footnote 4. The first argument is based upon the U.S. Supreme Court's holding in *Dart Cherokee*, *supra*, where the Court found that no anti-removal presumption attends cases invoking CAFA. *Dart Cherokee*, 135 S. Ct. at 554. Home Depot attempts to contort this holding into a repudiation and abrogation of the holding in *Palisades* that an additional counter defendant may not remove. To say this argument lacks merit is an understatement. First, the US Supreme Court in *Dart Cherokee* only addressed a single question – "[t]o assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?" *Dart Cherokee*, 135 S. Ct. at 551. When the Court was finding that there was no anti-removal presumption, it was doing so in the context of this single question, and the anti-removal presumption upon which the District Court in *Dart Cherokee* relied was a presumption that attached to the court's analysis of the amount in controversy

question.  This is obvious from even a cursory glance at the case cited by the District Court in

*Dart Cherokee* and specifically abrogated by the U.S. Supreme Court – *Laughlin v. Kmart*

*Corp.*, 50 F.3d 871 (10th Cir. 1995) abrogated by *Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014):

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir.1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds $50,000." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992). Moreover, there is a presumption against removal jurisdiction. Id.

*Laughlin*, 50 F.3d at 873.  The *Gaus v. Miles, Inc.* case relied upon by the *Laughlin* court for the

presumption makes this even more plain:

> The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. See *St. Paul*, 303 U.S. at 288-89, 58 S.Ct. at 590; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986).

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The holding of *Palisades* upon which Plaintiff relies here does not address amount in

controversy.  It does not invoke any "strong presumption" against removal.[2]  Rather, it is an

entirely separate jurisdictional argument based upon strict statutory construction and lack of

standing on the part of a third-party/additional counter defendant to remove a case.  The U.S.

---

[2] The only similarity between Palisades and the "strong presumption" cases abrogated by Dart Cherokee is this language in Palisades: "Again, this conclusion is consistent with our duty to construe removal jurisdiction strictly and resolve doubts in favor of remand." Palisades, 552 F.3d at 336.  "Resolve doubts in favor of" is not the same as "strong presumption against," and the "resolve doubts" language is based upon an entirely different line of cases that was not abrogated by Dart Cherokee.

Supreme Court denied certiorari in *Palisades, Palisades* was not overruled, modified, or otherwise amended by *Dart Cherokee*, and remains the law in this Circuit.

Home Depot's second throwaway argument tucked into its Footnote 4 is that *Palisades* is distinguishable from this case as a result of the dismissal of Citibank's affirmative case against Jackson, and that realignment will provide Home Depot with the requisite standing to remove this case. This argument also provides no basis for denying the remand sought by Plaintiff here. In essence, Home Depot seeks the benefits of realignment without having this Court issue an order granting its newly filed motion for realignment. Not only is this impermissible, but Plaintiff believes that the realignment motion is baseless. Plaintiff will be opposing that motion, and until this Court rules on the merits of that motion, it provides no basis for invoking jurisdiction. Rather than providing a rationale for denying the Plaintiff's Motion for Remand, this argument merely serves to emphasize that Home Depot's removal suffers from fatal jurisdictional and standing flaws, flaws that might be rectified by a court order granting a realignment motion, but that have not been rectified to date.

**D.     Counter-Plaintiff Jackson is entitled to an award of the attorneys' fees and costs associated with the filing of this motion.**

Under 28 U.S.C. § 1447(c), when a court remands an action back to state court, it may award the plaintiffs the costs and expenses, including attorney's fees, associated with the removal. "The standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). Courts may award attorney's fees under §1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Id.* "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the

opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Butler v. N. Carolina Dep't of Transp*., 154 F. Supp. 3d 252, 254–55 (M.D.N.C. 2016)(quoting *Martin*, 546 U.S at 140). Such an award should not be made as a matter of course but rather where, absent unusual circumstances, "the removing party lacked an objectively reasonable basis for seeking removal." *Id*. A legal argument that is supported by a limited basis of authority and is at least colorable is likely objectively reasonable. See *Parker v. Johnny Tart Enters., Inc*., 104 F.Supp.2d 581, 585 (M.D.N.C.1999). Bad faith is not required to award fees, however. *In re Lowe*, 102 F.3d 731, 733 n. 2 (4th Cir. 1996).

As discussed above, Counter-Plaintiff challenges Home Depot's Removal Notice because it is facially deficient based on the established federal law regarding CAFA jurisdiction, and because it provides not even a limited basis of authority or a colorable argument. First, a third-party defendant such as Home Depot may not remove an action. *Palisades* is exactly on point, and Home Depot's makeweight arguments about *Dart Cherokee* somehow overruling or modifying *Palisades* are pretextual. Second, this case falls within the well-established Local Controversy exception. Third, Home Depot not only failed to meet its burden of proof to establish the necessary $5 million in controversy for CAFA jurisdiction, but it misstated the case law and crafted an argument based upon nothing more than speculation, self-serving assumption, and tortured rendering of the facts. Defendant Home Depot blindly put forth damage calculations that are not based on fact, but on pure speculation and bare assertions of counsel. Home Depot ignored one of the most basic tenets of contract law, that the remedy when a contract is void is to put the parties back in the same position that they were prior to the contract. Moreover, Home Depot ignored the plain allegations of Paragraph 62 the Complaint, which state

24

in plain language that the damages sought are voiding the contract and restoring the consideration actually paid.

In *Caufield*, the court awarded fees in a similar circumstance. There, the court reasoned:

> The defendant in *Krivonyak* argued that there was a basis for jurisdiction under CAFA on the grounds that the named plaintiff sought $4,000.00 in damages, and the defendant had serviced 2000 loans, making the amount in controversy $8,000,000. Id. at *1. In the instant case, EMC has applied the same flawed reasoning in multiplying its calculation of the relief sought by the named plaintiff by the number of loans it has serviced in West Virginia, without, as the court outlined in Krivonyak, reading the complaint as a whole and determining the number of borrowers in the class actually proposed by the plaintiff. (Not. Removal [Docket 1], at 16.) Without knowing how many loans were serviced in the manner alleged in the complaint, or the actual value of the requested injunctive relief, there is no a factual basis on the record for the defendant's argument that the amount in controversy exceeds $5,000,000. Removing defendants bear a heavy burden, and that burden cannot be met by the speculation and conjecture that formed the basis for the defendants' removal of this case. I FIND that the defendant lacked an objectively reasonable basis for seeking removal. Accordingly, I FIND that an award of attorneys' fees is appropriate, and hereby GRANT the plaintiff's request for fees incurred as a result of the removal.

*Caufield,* 803 F. Supp. 2d at 530 (emphasis added).

Just like the plaintiff in *Caufield*, Counter-Plaintiff Jackson is entitled to the attorneys' fees, costs and expenses associated with remanding this case. As in *Caufield*, the evidence upon which the removal was based is purely speculative, and fails to establish any objectively reasonable basis for removal. As a result, attorneys' fees, costs and expenses should be awarded to Jackson.

Plaintiff is especially entitled to attorneys' fees, costs, and expenses where Mr. Jackson's counsel wrote to defense counsel prior to the filing of this motion, advising Home Depot that its Removal was not supported in law, and urging Home Depot to agree to remand. *See* Letter of Counter-Plaintiff's Counsel, attached hereto as **Exhibit 2**. Home Depot chose to ignore this

good faith effort to resolve this controversy without resorting to filing a motion, and now must pay the price for its objectively unreasonable removal.

## CONCLUSION

For the reasons set forth above, Counter-Plaintiff Jackson respectfully requests that the Court grant his Motion to Remand and award the reasonable attorneys' fees, costs and expenses associated with the preparation of this motion.

Dated: November 8, 2016                    Respectfully Submitted,


**WHITFIELD BRYSON MASON, LLP**

  _/s/ Daniel K. Bryson_____
Daniel K. Bryson
N.C. Bar No.: 15781
J. Hunter Bryson
N.C. Bar No.: 50602
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035
dan@wbmllp.com
hunter@wbmllp.com


**BLOSSOM LAW PLLC**
Rashad Blossom
State Bar No. 45621
225 E. Worthington Avenue
Charlotte, NC 28203
Telephone: (704) 256-7766
Facsimile: (704) 626-3188
rblossom@blossomlaw.com


**VARNELL & WARWICK, P.A.**
Janet R. Varnell, *Pro Hac Pending*
Florida Bar No.:  0071072
P.O. Box 1870

26

Lady Lake, FL  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
jvarnell@varnellandwarwick.com

*Attorneys for Defendant/Third-Party-Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the

Clerk of Court this 8th day of November, 2016, by using the CM/ECF system which will send notice

of electronic filing to all parties of record.

*/s/ Daniel K. Bryson*
Daniel K. Bryson
