IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CITIBANK, N.A., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| GEORGE W. JACKSON, on behalf of himself and others similarly situated, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |
| | ) CIVIL NO. 3:16-cv-00712-GCM |
| GEORGE W. JACKSON, on behalf of himself and others similarly situated, | ) |
| | ) |
| Counter-Plaintiff and Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT U.S.A., INC., and CAROLINA WATER SYSTEMS, INC., | ) |
| | ) |
| Third-Party Defendants. | ) |

**THIRD-PARTY PLAINTIFF'S OPPOSITION TO MOTION TO**
**<u>REALIGN THE PARTIES</u>**

There is a well-known rule of thumb in legal brief writing, that when a party says that something is "clear," it isn't clear at all. Such is the case with Third-Party Defendant Home Depot's ("Home Depot") Motion to Realign the Parties, where Home Depot argues that it is "clear" what the proper alignment of these parties is. Defendant/Counter-Plaintiff/ Third-Party Plaintiff George W. Jackson ("Jackson") argues that the proper alignment of the parties is that

the parties should remain aligned exactly as Plaintiff Citibank, N.A. ("Citibank") caused them to be aligned in the first instance by filing its debt collection lawsuit against Jackson.

What should be clear, but isn't, is the fact that Home Depot's motion is actually an attempt to allow it to forum shop. Home Depot is well aware that as a third-party defendant, it has no standing to remove this case to federal court. For more than fifty years, courts applying *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) have consistently refused to grant removal power under § 1441(a) to third-party defendants. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008), citing *Cross Country Bank v. McGraw,* 321 F.Supp.2d 816, 821–22 (S.D.W.Va.2004) (noting that district courts within the Fourth Circuit have adopted the majority rule that "a third-party defendant is distinct from 'the defendant or defendants' who are permitted to remove cases pursuant to 28 U.S.C. § 1441(a)"); *Galen–Med, Inc. v. Owens,* 41 F.Supp.2d 611, 614 (W.D.Va.1999) ("The majority view, that third-party defendants are not 'defendants' for purposes of removal under 28 U.S.C. § 1441(a), is the better rule."); *Hayduk v. UPS,* 930 F. Supp. 584, 590 (S.D.Fla.1996) ("Nearly every court that has considered the question whether third-parties may remove under § 1441(a) has determined that they may not."); *Croy v. Buckeye Int'l, Inc.,* 483 F. Supp. 402, 406 (D.Md.1979) ( "The overwhelming weight of authority indicates that a third party defendant is not entitled to removal of an entire case to *333 federal court under 28 U.S.C. § 1441(a)."); *Manternach v. Jones County Farm Serv. Co.,* 156 F. Supp. 574, 577 (N.D.Iowa 1957) (noting that courts "are not in disagreement as to the non-removability of a third-party claim [under § 1441(a) ]"). The same is true for additional counter-defendants:

> Thus, we easily conclude that an additional counter-defendant is not a "defendant" for purposes of § 1441(a). See, e.g., *Capitalsource Fin., L.L.C. v.*

> *THI of Columbus, Inc.*, 411 F.Supp.2d 897, 900 (S.D.Ohio 2005) (concluding that "additional counterclaim defendants ... are not defendants within the meaning of the removal statute. [and] do not have statutory authority ... to remove this case"); *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D.Ill.1990) ("But just as a third-party has no special rights to remove, neither does a nonplaintiff counter-defendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court."); *Tindle v. Ledbetter*, 627 F. Supp. 406, 407 (M.D.La.1986) (noting that because the Justices, who were joined as defendants on the counterclaim under Louisiana's procedural equivalent to Fed.R.Civ.P. 13(h), "are [additional] counterclaim defendants, they cannot remove this suit to federal court"); see also 16 James W. Moore et al., Moore's Federal Practice § 107.11[1][b][iv] (3d ed.1998) (noting that the "better view" is that counter-defendants, cross-claim defendants, and third-party defendants "are not defendants within the meaning of [§ 1441(a) ]").

*Palisades*, 552 F.3d at 333.

In order to rectify this lack of standing, Home Depot attempts to convince this Court to realign the parties so that Home Depot will be a "defendant," a defendant with proper standing to remove. To create the necessary factual predicate to realign, Home Depot and Citibank acted in concert to create this so-called "clear" question for the Court. After suing Jackson in state court, Plaintiff Citibank N.A. dropped its claim against him <u>without prejudice</u> for the express purpose of allowing Home Depot to seek realignment and ultimately the ability to manufacture federal court jurisdiction where none exists.

In *Arrow Fin. Servs., LLC v. Williams*, No. 10-3416-CV-S-DW, 2011 WL 9158435, at *4 (W.D. Mo. Jan. 20, 2011), the court denied realignment under strikingly similar circumstances:

> Prior to removal, Arrow dismissed its claim against Williams *without prejudice*.[7] In rejecting realignment under similar facts, one court stated that:
>
>> [plaintiff] brought a breach of contact action in state court ... [defendant] answered and filed a counterclaim asserting a claim under a federal statute. Thereafter, [plaintiff] ma[de] a strategic decision to dismiss its complaint without prejudice and remove the action ... [that] claim has not been adjudicated and by dismissing

3

> without prejudice, [plaintiff] may intend to re-assert the claim as a
> counterclaim [or setoff] in federal court if removal is permitted ...
> the Court ... will not re-align the parties to enable [plaintiff] to
> forum shop. *Chancellor's Learning Sys., Inc.,* 2008 WL 269535, at
> * 3.

*Arrow*, 2011 WL 9158435, at *4.

**A third-party defendant, like Home Depot, lacks the ability to remove a case to federal court. It should not be permitted to realign the parties for the express purpose of creating federal court jurisdiction.**

As Jackson will demonstrate, the Court must deny Home Depot's motion to realign the parties, as it is nothing less than a blatant attempt at forum shopping. As grounds for its position that this motion for realignment must be denied, Jackson shows the Court that: 1) the motion under these facts constitutes forum shopping, or a kind of reverse fraudulent joinder; 2) realignment is not addressed prior to a motion for remand in a case governed by the Class Action Fairness Act of 2005 ("CAFA"); 3) the Court lacks jurisdiction to take up the realignment motion at all and; 4) the principal purpose of the underlying case was to collect a debt, and all of Home Depot's contortions to the contrary do not change that fact.

### RELEVANT BACKGROUND

Citibank initiated this lawsuit in the General Court of Justice, District Court Division, Mecklenburg County, North Carolina. Citibank sued to collect an allegedly outstanding debt for a water filtration system purchased by Jackson from Home Depot and Third-Party Defendant Carolina Water Systems ("CWS"). Citibank could have sought to sue Jackson in arbitration, but decided instead to sue in state court. In response to Citibank's debt collection suit, Jackson filed his Answer, Affirmative Defenses, Counterclaim, and Third-Party Class Action Claims. While the case was still in state court, Citibank voluntarily dismissed its claims against Jackson without

4

prejudice. Home Depot then removed this case to federal court and soon after sought to realign the parties so that Citibank's actions could be forgotten.

On November 8, 2016, Counter/ Third-Party Plaintiff Jackson timely filed a Motion to Remand the case to state court, challenging Home Depot's bare assertions and unsupported hypotheses that the amount in controversy exceeds $5 million (the necessary jurisdictional amount in controversy threshold under CAFA), invoking and establishing that the local controversy exception to CAFA applies and mandates remand, and arguing that an additional Counter/ Third-Party defendant such as Home Depot lacks standing to remove under CAFA. That motion is currently pending before this Court.

Home Depot's instant motion to realign the parties is a patent attempt to rectify just one facet of its fatal lack of standing to remove under CAFA – Home Depot's status as a third-party defendant. This is forum shopping at its best. Just like in fraudulent joinder situations, Citibank chose a state court forum where its co-counter defendant Home Depot then got slapped with a class-action counterclaim. In order to assist Home Depot in forum shopping to Federal Court and to avoid waiver arguments, Citibank voluntarily dismissed its claims without prejudice. Thereafter, Home Depot and Citibank improperly attempt to undo the choice of forum in order to seek what they undoubtedly deem is a friendlier forum in which to defend against a class-action lawsuit. To do so, and to avoid being remanded pursuant to the unequivocal and controlling case law of *Palisades*, which states that additional counter defendants or third-party defendants lack standing to remove under CAFA, Home Depot attempts to realign the parties to re-categorize itself as a "defendant," thereby imbuing it with standing to remove. The Court should take a dim view of such blatant forum shopping, particularly where (as here) the grounds for proper removal under CAFA simply don't exist.

### 1. In this case, realignment is blatant forum shopping, or a kind of reverse fraudulent joinder.

Home Depot is playing coy with this Court when it states that "Citibank voluntarily dismissed its claims against Mr. Jackson." Home Depot's Motion for Realignment, Pages 2-3. What Home Depot fails to point out to the Court is that Citibank dismissed its claims against Mr. Jackson <u>without prejudice</u>. *See* Citibank's Notice of Voluntary Dismissal Without Prejudice, attached hereto as **Exhibit A**. The fact that the dismissal was without prejudice is a damning indictment of both Home Depot and Citibank's coordinated scheme to manufacture federal court jurisdiction in this case. In order to discourage such blatant forum shopping, the Court must deny the motion for realignment.

In *Arrow Fin. Servs., supra*, the court denied realignment under strikingly similar circumstances:

> Prior to removal, Arrow dismissed its claim against Williams *without prejudice.*[7]
> In rejecting realignment under similar facts, one court stated that:
>
>> [plaintiff] brought a breach of contact action in state court ... [defendant] answered and filed a counterclaim asserting a claim under a federal statute. Thereafter, [plaintiff] ma[de] a strategic decision to dismiss its complaint without prejudice and remove the action ... [that] claim has not been adjudicated and by dismissing without prejudice, [plaintiff] may intend to re-assert the claim as a counterclaim [or setoff] in federal court if removal is permitted ... the Court ... will not re-align the parties to enable [plaintiff] to forum shop.

*Arrow*, 2011 WL 9158435, at *4. This is precisely what Citibank has done here, and evidences a coordinated scheme on the part of Home Depot and Citibank to get Jackson's counterclaims into federal court, while leaving open the possibility of re-filing the debt collection action that initiated the case back in state court. <u>See</u> *Chancellor's Learning Sys., Inc. v. McCutchen*, No. 1:07 CV 1623, 2008 WL 269535, at *3 (N.D. Ohio Jan. 29, 2008). ("Chancellors' claim has not

been adjudicated and by dismissing without prejudice, Chancellors may intend to re-assert the claim as a counterclaim in federal court if removal is permitted. Even if it does not re-file its claim as a counterclaim, it clearly intends to use it as a setoff to Ms. McCutchen's claims."). In *Chancellor's*, the court found that found that a plaintiff with a claim dismissed without prejudice was not a "functional defendant," and subsequently denied realignment and remand.

As further evidence of this coordinated effort to forum shop, it is noteworthy that it is Home Depot, and not Citibank, that seeks realignment. Perhaps it was a "bridge too far" for Citibank and Home Depot to try and convince this Court that Citibank, as the indisputable plaintiff, now has standing to remove the case to federal court. Instead, these parties try to steal a march under the cover of Home Depot's "third-party defendant" status, as Home Depot at least facially appears to be more of a "defendant" for purposes of CAFA removal and jurisdiction.

In a very real sense, this conduct on the part of Citibank and Home Depot is a kind of reverse fraudulent joinder, which both courts and defendants condemn. As this Court is well-aware, fraudulent joinder is the practice of adding an improper party simply for the purpose of defeating federal court diversity jurisdiction. Here, these coordinating parties are dropping a party's claim, temporarily, in order to manufacture federal court jurisdiction. As in *Arrow*, this Court must take a strong stand against promoting such blatant forum shopping.

As further support for this argument, Jackson notes that this is not a situation where there are antagonistic parties on the same side of the litigation, and where realignment would re-situate those antagonistic parties on the opposite side of the case. As the parties are aligned now, prior to realignment, none of the other parties whose interests are antagonistic are on the same side of the "v." The only reason for realignment is to manufacture federal jurisdiction, by attempting to imbue Home Depot with "defendant" status, such that it would have proper standing to remove

the case. This is not permitted by courts, as the court in *Gen. Credit Acceptance, Co., LLC v. Deaver*, No. 4:13CV00524 ERW, 2013 WL 2420392 wrote:

> there is not a situation where antagonistic parties are on the same side, and realignment would only serve to manufacture federal jurisdiction. *See Arrow Fin'l,* 2011 WL 9158435 at * * 3–4. GCAC chose to pursue its claim in state court. Defendant Deaver answered and filed a counterclaim. The only justification for realignment here is that the original complaint by GCAC has been voluntarily dismissed, and GCAC no longer wishes to litigate in the forum it originally selected. This justification does not comprise a valid reason to grant GCAC a change in status for removal purposes.

*Deaver*, 2013 WL 2420392, at *6.

**2. Realignment is not properly addressed prior to a motion for remand in a case governed by the Class Action Fairness Act of 2005 ("CAFA").**

Despite what Home Depot argues, diversity is not the issue here – the issue is whether a third-party defendant such as Home Depot has standing to remove a case in the first instance under CAFA. This issue is entirely separate from the diversity question, and none of the cases cited by Home Depot control. Instead, this Court must look to the CAFA cases in which realignment was sought for guidance. These cases all demonstrate that courts do not address realignment first when the issue at hand isn't simply diversity, but rather is the party designation for purposes of evaluating whether that party even has standing to remove.

*Palisades*, *supra*, is one of the few CAFA cases where realignment was sought, and as Home Depot admits, the Fourth Circuit ruled against realignment in articulating the rule that an additional counter defendant or third-party defendant lacks standing to remove under the strict construction of CAFA. *Palisades*, 552 F.3d at 337. The same result was reached in other CAFA cases where realignment was sought prior to a remand challenge based upon party designation. See *Deaver*, 2013 WL 2420392, at *3 (remand based upon party designation taken up prior to

realignment). Previous courts applying CAFA have consistently refused to realign parties in order to establish removal authority. See, e.g., *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007) (insurer, as state court plaintiff/cross-defendant, did not qualify as a "defendant" able to remove a case under CAFA); *Ford Motor Credit Co. v. Jones*, 2007 WL 2236618 (N.D. Ohio July 31, 2007) (same).

Home Depot cites two cases for the proposition that where alignment of the parties could have jurisdictional consequences, the court should first align the parties and then evaluate the relevant jurisdictional issues. See *Lott v. Scottsdale Ins. Co.,* 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011) and *Ohio Cas. Ins. Co. v. RLI Ins. Co.*, No. 1:04CV483, 2005 WL 2574150, at *4 (M.D.N.C. Oct. 12, 2005). Both of those cases involve realignment for purposes of evaluating diversity jurisdiction based upon the state citizenship of the parties. The court in *Lott* succinctly stated the issue this way:

> Put simply, it is settled that where, as here, there is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court, a defendant may nonetheless remove the case to federal court and request realignment of the parties **to produce the requisite diversity**.

Lott, 811 F. Supp. 2d at 1223 (emphasis added). And the court in *Ohio Cas. Ins. Co.* put it this way:

> "Realignment of the parties usually will have the effect of defeating jurisdiction; the rule works both ways, however, and jurisdiction will be sustained **if diversity exists when the parties are aligned properly**, even though it is lacking on the face of the pleadings." 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3607 at 431 (2d ed.1984).

*Ohio Cas. Ins. Co.,* 2005 WL 2574150, at *4 (emphasis added). Because these cases involve evaluating the citizenship of the parties for diversity purposes, and not the status of the parties as plaintiff, defendant, third-party defendant, etc., they are inapposite and not controlling.

9

As the court in *Deaver* points out, in the few cases where counterclaim defendants were permitted to remove, the state court had already realigned the parties prior to removal. *Deaver*, 2013 WL 2420392, at *3 (citing *Hrivnak v. NCO Portfolio Mgmt.,* 723 F.Supp.2d 1020, 1028 (N.D.Ohio 2010), *Passmore v. Discover Bank,* No. 1:11CV01347, 2012 WL 2332233, at * 1(N.D. Ohio June 14, 2012), and *Stewart v. Bureaus Ins. Grp. # 1,* No. 3:10CV1019, 2011 WL 2313213, at *3 (M.D. Ala. June 10, 2011) for the proposition that the state court had already realigned the parties prior to the removal). There is no reason that Home Depot could not have done the same in this case – petition the state court for realignment prior to removal – and the only rationale for removing the case first and then seeking realignment is to have realignment adjudicated in what is perceived to be the friendlier federal forum.

There is simply no controlling authority that mandates that this Court take up realignment in order to give a party the right to remove the case to federal court when that right does not exist otherwise. *Palisades* makes clear that jurisdiction predicated upon CAFA cannot be created by Citibank's dismissing its claims against Jackson for the sole purpose of allowing Home Depot to forum shop in Federal Court. The purpose of realignment is procedural and should be used when the parties were somehow improperly aligned in the first instance. It should not be used, as here, to allow a Third-Party Defendant who would not otherwise have the ability to remove the case to federal court, to do so. Citibank sued first in state Court and this fact means that Home Depot is a third-party defendant and, as such, lacks the ability to remove this case under CAFA or otherwise. This Court should not be convinced to participate in this brand of forum shopping.

**3. The Court lacks jurisdiction to take up the realignment motion at all**.

Counter/ Third-Party Plaintiff Jackson first challenges this Court's jurisdiction to even rule on this motion. If this Court lacks subject matter jurisdiction over this entire case, because

10

Home Depot hasn't met and cannot meet its burden to establish the proper jurisdictional prerequisites for jurisdiction under CAFA, or because one of the specific exceptions to jurisdiction under CAFA applies, the Court has no authority to rule upon any substantive motion such as realignment. Instead, this issue should be left to the state court.

It is beyond argument that the rationale for Home Depot's realignment motion is to permit it to avoid the remand result dictated by *Palisades*, by recategorizing Home Depot as a "defendant" with proper standing to remove this case to federal court under 28 U.S.C. § 1441. Yet, two of Jackson's three challenges to Home Depot's removal do not rely in any way upon the categorization of Home Depot as a defendant, a third-party defendant, or an additional counter defendant. Regardless of what Home Depot is ultimately categorized as in this litigation, jurisdiction is not proper in this Court where: A) Home Depot has not, and cannot, meet its preponderance of evidence burden establishing the requisite $5 million in controversy, and; B) where the local controversy exception to CAFA mandates remand.

If this Court were to take up realignment first, realign the parties as Home Depot requests, and then rule in Jackson's favor on the pending remand motion on one of the other two grounds (lack of requisite amount in controversy or local controversy exception), this Court would have made a substantive ruling realigning the parties in a case over which it doesn't have, will never have, and never could have had jurisdiction. This flies in the face of the inarguable principle that federal courts are courts of limited jurisdiction. "Federal courts are courts of limited jurisdiction and the threshold requirement in every federal case is jurisdiction." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir.1990). It also runs contrary to the mandate to construe the CAFA statute strictly, as set out by the court in *Palisades*:

> "[w]e are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated" and that "if federal jurisdiction is doubtful, a remand to state court is necessary." *Md. Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir.2005) (internal quotation marks, citations, and alterations omitted); *see also Shamrock Oil,* 313 U.S. at 109, 61 S.Ct. 868 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (internal quotation marks omitted)).

*Palisades*, 552 F.3d at 333–34.

Moreover, taking up realignment after the other two CAFA-based arguments in favor of remand doesn't prejudice Home Depot in any way. If Home Depot gets over the twin hurdles of amount in controversy and the alleged local controversy exception, this Court can then turn to the realignment motion before evaluating Jackson's lack of standing argument based upon Home Depot's status as a third-party defendant. If the case gets remanded to state court based upon either the amount in controversy argument or the local controversy exception, the state court is fully empowered to realign the parties as Home Depot requests, if realignment is warranted under state law.

As Home Depot itself rightly points out, there are no "mechanical rules" for determining party alignment. *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 69 (1941). Where there are no mechanical rules governing, the Court has discretion to fashion the approach that best fits the facts of this case, while still respecting the twin pillars of limited federal court jurisdiction and strict statutory construction. In this case, the facts and the law direct this Court to take up at least two of the three arguments for remand first, determine whether the Court has at least the possibility of CAFA jurisdiction, and then take on realignment if jurisdiction is found. To do otherwise, puts this Court in the position of potentially making a substantive ruling on an issue in a case over which it never had proper jurisdiction. Accordingly, this Court should

reject Home Depot's offer to make substantive rulings before determining whether jurisdiction exists.

### 4. The principal purpose of the underlying case was to collect a debt, and all of Home Depot's contortions to contrary don't change that fact.

It is indisputable that the principal purpose of the underlying case was to collect a debt. Home Depot does not, and cannot, deny this fact. That underlying case has not been finally adjudicated, and as such, the principal purpose of this litigation hasn't changed. Jackson would agree that courts in this circuit follow the principal purpose test – however, the principal purpose is still a debt collection action, with Citibank as the plaintiff, and Home Depot as a third-party defendant. Realignment isn't warranted where the principal purpose of the case hasn't changed.

Also, even in actions in which the original claim filed by the plaintiff is settled or dismissed, the original plaintiff remains the plaintiff for purposes of removing the remaining counterclaims. *Green Tree Financial Corp. v. Arndt*, 72 F.Supp.2d 1278, 1282 (D.Kan.1999); *Rodriguez v. Federal National Mortgage Association*, 268 F.Supp.2d 87, 91 (D.Mass.2003). In *Green Tree*, the district court stated that it was unaware of any case that had "employed realignment principles to conclude that a state court plaintiff can become a defendant, for purposes of § 1441(a), entitled to remove after the dismissal of its self-appointed claims." *Id*. at 1282. The lower court in *Palisades* relied upon this very case law in declining to order realignment of the parties. *Palisades Collections LLC v. Shorts*, No. CIV. A. 5:07CV098, 2008 WL 249083, at *7 (N.D.W. Va. Jan. 29, 2008), aff'd, 552 F.3d 327 (4th Cir. 2008).

Courts in the Fourth Circuit have recently reaffirmed the vitality of *Palisades* as being determinative of the realignment issues here. In *Cavalry SPV I, LLC v. Hughes*, No. 2:16-CV-05976, 2016 WL 5338516 (S.D.W. Va. Sept. 21, 2016), the court found that the party who

13

initiated a debt collection action was not entitled to realignment where the "mainspring" of the action remains the collection of funds under the parties' contract:

> Still, while the Court recognizes that a "state court caption is not always determinative of which party is the plaintiff and which is the defendant for removal purposes," *CitiFinancial v. Lightner*, No. 5:06CV145, 2007 WL 1655225, at *2 (N.D. W. Va. Jun. 6, 2007), the parties' positions in this case do not warrant realignment. Cavalry initiated this action and is the party seeking to enforce its alleged contractual rights against Hughes. See id. at *3 (denying motion to realign parties under similar circumstances). Though Hughes has resisted Cavalry's claim, inter alia, through his counterclaim, the "mainspring" of this action remains the collection of funds under the parties' contract. See *Palisades Collections LLC v. Shorts*, No. 5:07CV098, 2008 WL 249083, at *5–6 (N.D. W. Va. Jan. 29, 2008) (finding party bringing debt collection action remained the true plaintiff despite the filing of debtor's counterclaim asserting class claims).

*Cavalry*, 2016 WL 5338516, at *2.

Despite Home Depot's assertion that "[a]s of the date of removal, the only claims remaining in this lawsuit were Mr. Jackson's claims against Home Depot, CWS, and Citibank," Citibank's dismissal without prejudice of its debt collection claims takes the field. Until Citibank's debt collection claims are conclusively resolved, they remain the undisputed primary purpose of this action, and realignment is therefore improper.

## **CONCLUSION**

For all of the foregoing reasons, the Court must deny the motion for realignment.

Dated: November 14, 2016                                        Respectfully Submitted,

**WHITFIELD BRYSON MASON, LLP**
 /s/ Daniel K. Bryson
Daniel K. Bryson
N.C. Bar No.: 15781
J. Hunter Bryson
N.C. Bar No.: 50602

14

900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035
dan@wbmllp.com
hunter@wbmllp.com


**BLOSSOM LAW PLLC**
Rashad Blossom
State Bar No. 45621
225 E. Worthington Avenue
Charlotte, NC 28203
Telephone: (704) 256-7766
Facsimile: (704) 626-3188
rblossom@blossomlaw.com


**VARNELL & WARWICK, P.A.**
Janet R. Varnell
Florida Bar No.: 0071072
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
jvarnell@varnellandwarwick.com

*Attorneys for Defendant/Third-Party-Plaintiff*

15

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the Clerk of Court this 14th day of November, 2016, by using the CM/ECF system which will send notice of electronic filing to all parties of record.

*/s/ Daniel K. Bryson*
Daniel K. Bryson
