IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

**CIVIL NO. 3:16-cv-00712-GCM**

**AMENDED THIRD-PARTY
CLASS ACTION CLAIMS**

_____

**GEORGE W. JACKSON**, on behalf of
himself and others similarly situated,

                Third-Party Plaintiff,

v.

**HOME DEPOT, U.S.A., INC.  and
CAROLINA WATER SYSTEMS, INC.,**

                Third-Party Defendants.

_____

**JURY TRIAL DEMANDED
INJUNCTIVE RELIEF SOUGHT**

**CASE REMOVED FROM THE
GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
MECKLENBURG COUNTY, NORTH
CAROLINA, 16 CVD 1096**

**MOTION FOR REMAND PENDING**

<u>**THIRD-PARTY CLASS ACTION CLAIMS**</u>

      Third-Party Plaintiff, George W. Jackson ("JACKSON"), by and through the undersigned

counsel, brings class action third-party claims against third-party defendants HOME DEPOT,

U.S.A., INC. ("HOME DEPOT") and CAROLINA WATER SYSTEMS, INC. ("CWS"), as

follows:

<u>**CLASS ACTION THIRD-PARTY CLAIMS**</u>

      Third-Party Plaintiff JACKSON, on behalf of himself and all others similarly situated,

brings claims against the Third-Party Defendants, as follows:

**I.     INTRODUCTION**

      1.     JACKSON and putative class members were sold water treatment systems by

HOME DEPOT and CWS.  This is a consumer class action seeking to remedy HOME DEPOT

and CWS's unfair and deceptive practices, as well as violations of other state laws.

2. North Carolina's Referral Sales Statute states prohibits the conduct at issue:

> The advertisement for sale or the actual sale of any goods or services (whether or not a consumer credit sale) **at a price or with a rebate or payment or other consideration to the purchaser that is contingent upon the procurement of prospective customers provided by the purchaser, or the procurement of sales to persons suggested by the purchaser**, **is declared to be unlawful**. Any obligation of a buyer arising under such a sale shall be void and a nullity and a buyer shall be entitled to recover from the seller any consideration paid to the seller upon tender to the seller of any tangible consumer goods made the basis of the sale.

G.S. § 25A-37 (emphasis added).

3. HOME DEPOT and CWS regularly and systematically utilize an illegal "Referral Program" to entice customers into purchasing an exorbitantly priced water treatment system. Under the HOME DEPOT and CWS referral program, customers who agree to refer other potential purchasing customers, the person making the referrals will be given the water treatment system for free, will receive referral checks to be applied to the balance of their loan, or receive other valuable consideration.

4. However, the Referral Program offered to JACKSON violates North Carolina's Referral Sales Statute (N.C. Gen. Stat. § 25A-37), which prohibits such programs.

5. Accordingly, the Third-Party Defendants' conduct violates North Carolina's Referral Sales' statute, N.C. Gen. Stat. § 25A-37, and North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq. ("UDTPA").

6. As a result of the North Carolina Referral Sales Statute, any and all contracts for the sale of water treatment systems under the Referral Program are "void and a nullity," including all contracts between Jackson and HOME DEPOT, CWS, or others having anything to do with the water treatment systems at issue.

2

## II.    JURSIDICTION AND VENUE

7.      Third-Party Plaintiff Jackson contests the jurisdiction of this federal court, and has filed a Motion to Remand this entire case to state court for lack of CAFA jurisdiction.

8.      The General Court of Justice, District Court Division, Mecklenburg County, North Carolina has proper jurisdiction over the claims alleged herein against the Third-Party Defendants in that at all times relevant to the events and transactions alleged herein, the Third-Party Defendants solicited, marketed, and sold water treatment systems to persons in this State, and otherwise acted in a manner to mitigate any due process concerns.

9.      Venue is proper in Mecklenburg County, North Carolina since the acts alleged herein occurred in that county.

## III.   PARTIES

10.     JACKSON is a natural person and resident of Mecklenburg County, North Carolina.

11.     HOME DEPOT is a Delaware corporation with its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339.  HOME DEPOT does business in Mecklenburg County, and throughout the state of North Carolina, with a North Carolina registered mailing address of 327 Hillsborough Street, Raleigh, North Carolina 27603.

12.     CWS is a North Carolina corporation conducting business in North Carolina and has its principal place of business at 1705 Orr Industrial Ct., Suite D, Charlotte, North Carolina 28213.

13.     Upon information and belief, HOME DEPOT and CWS have entered into an agreement whereby CWS has agreed to sell water treatment systems as a HOME DEPOT

3

representative, installation professional and/or agent. At all relevant times, HOME DEPOT and CWS solicited, distributed and sold water treatment systems to individuals in North Carolina using an unlawful systematic Referral Program as discussed in more detail below.

## IV.    FACTUAL ALLEGATIONS

14.    Upon information and belief, beginning in 2014, HOME DEPOT and CWS routinely telephoned persons in the State of North Carolina for the purposes of soliciting and selling water treatment systems.

15.    Upon information and belief, HOME DEPOT and CWS would represent that the contact information of the prospective purchaser was obtained from a person who purchased a water treatment system, and who was taking part in HOME DEPOT and CWS's Referral Program.

16.    HOME DEPOT and CWS would represent to potential customers that "contaminants" were found in the tap water in nearby locations and infer that their tap water was unsafe.

17.    HOME DEPOT and CWS set up appointments to come by a prospective purchaser's home for the purpose of "testing" their tap water.

18.    HOME DEPOT and CWS would show up at the prospective purchaser's house for the purpose of conducting a water test. However, the simple water "test" was in fact a full sales presentation, which included props and a scripted sales pitch.

19.    During the sales presentation, HOME DEPOT and CWS conducted a few water tests, including one test that required the use of vials of a prospective purchaser's tap water from the faucet and the dropping of liquids into each vial.

4

20.     Upon information and belief, the water "test" performed by HOME DEPOT and CWS routinely indicated that the prospective purchaser's tap-water was unsafe, contaminated, or that there were cancer-causing agents in the water.

21.     In addition, upon information and belief, HOME DEPOT and CWS used standardized documents, charts and graphs as part of its scripted presentation which contained false information indicating that the prospective purchaser's tap water was harmful to their health.

22.     Upon information and belief, HOME DEPOT and CWS enrolled customers into its Referral Program which indicated that they could receive the water treatment system for free if they referred other customers who also purchased a water system.  HOME DEPOT and CWS's Referral Program also provided that enrolled customers would receive money towards their purchase price for each referral who bought a water system, and additional money for each referral who simply listened to the sales presentation.

23.     Further, HOME DEPOT and CWS also routinely offered a promotion whereby the prospective purchaser didn't have to pay sales tax for the system if they agreed to purchase it immediately.  Upon information and belief, customers were not required to pay sales tax on the water treatment systems sold by HOME DEPOT and CWS under North Carolina law.

24.     HOME DEPOT and CWS routinely installed their water treatment systems sold under this impermissible Referral Program on the day after the purchase agreement, or Home Improvement Agreement ("HIA") was signed, and before customers' three-day right to cancel had expired.

25.     At all relevant times, CWS was acting as an authorized representative and agent of HOME DEPOT.

26.     In 2014, JACKSON was a customer who was solicited through the Referral Program and who ultimately purchased a water system under this impermissible Referral Program.

27.     JACKSON signed a Home Improvement Agreement ("HIA") with HOME DEPOT.  A true and correct copy of the HIA is attached hereto as **Exhibit A**.

28.     JACKSON did not receive his water treatment system free of charge, despite making referrals to HOME DEPOT and CWS.

29.     To the best of his knowledge, JACKSON has paid $1,080.00 to date for the water system sold to him by HOME DEPOT and CWS

## V.     ALLEGATIONS COMMON TO THE CLASS

30.     CWS is an authorized representative and agent of HOME DEPOT and routinely enters into contracts on behalf of HOME DEPOT through the use of Home Improvement Agreements such as the one used in the JACKSON transaction and attached as Exhibit A.

31.     HOME DEPOT and CWS use a standardized and scripted marketing scheme designed to help them avoid certain laws related to telephone solicitation and home improvement sales.  HOME DEPOT and CWS knowingly and willfully target new homeowners and other customers using the Referral Program, whereby customers refer their friends with the promise that a certain number of referrals will allow the customer to get the water treatment system for free.  This gives HOME DEPOT and CWS a constant source of sales leads while enticing customers to purchase the product under the guise that it will be free.

32.     At all relevant times, HOME DEPOT and CWS regularly and systematically used an unlawful Referral Program to entice customers into purchasing the water treatment equipment

under the customers' mistaken belief that the cost of the water treatment system would be fully or partially offset based on the referral of other customers.

33. Some customers are approached by HOME DEPOT and CWS when they shop at HOME DEPOT using standardized communications and "water test kits," while others are contacted after a neighbor, family or friend refers them through the Referral Program. All customers are given the offer to take part in the Referral Program.

34. To help arrange sales demonstrations, HOME DEPOT and CWS routinely and systematically offer a free test of the consumer's tap water.

35. Instead of a brief water test, when HOME DEPOT and CWS gain access to a homeowner's residence, a standardized and scripted sales pitch occurs that is uniform in virtually every case, and which often lasts three hours or longer. HOME DEPOT and CWS employ a scripted presentation that employees and representatives are required to memorize and to follow in every home solicitation. The scripted pitch includes a water "test," which is designed to frighten and deceive the average homeowner, and to cause concern over the safety of the homeowner's tap water.

36. The water "tests" employed by HOME DEPOT and CWS involve the taking of vials of the tap water and adding unidentified chemical drops. In reality, this precipitant test only measures the hardness of the water and not whether it's harmful or contains contaminants. This test is used to improperly infer that the tap water contains pollution, harmful chemicals, and other cancer-causing carcinogens.

37. HOME DEPOT and CWS's water test scheme is so notorious that multiple states have specifically warned consumers to avoid being duped by it.[1]

---

[1] For example, the state of Florida Attorney General's website states:

38.     Despite the fact that HOME DEPOT and CWS's Referral Program and tests constitute unfair and deceptive trade practices, HOME DEPOT and CWS continue to uniformly represent this information to customers because their entire business model is based on the Referral Program and fear tactics regarding the condition of their tap water.

## VI.     CLASS ACTION ALLEGATIONS

39.     Pursuant to Rule 23 of the Rules of Civil Procedure (N.C. G. S. § 1A-1, Rule 23), JACKSON brings this action for himself and on behalf of all other persons similarly situated.

40.     The Class(es) sought to be certified are defined as follows:

**HOME DEPOT CLASS:**  All persons in the state of North Carolina that entered into a Home Improvement Agreement with Home Depot for "water treatment" equipment substantially similar to Exhibit A, during the Class Period.

**CWS CLASS**:  All persons in the state of North Carolina that purchased a Water Treatment System from Carolina Water Systems, Inc., during the Class Period.

41.     The Class Period for each claim begins four years prior to the filing of the claims asserted herein and ends when notice certifying the Class(es) is ordered by the Court.

42.     JACKSON is unable to state the exact number of members of the Class(es) because that information is solely in the possession of the Third-Party Defendants.  However,

---

"**How to Protect Yourself: Water Treatment Devices:**

**Avoid "Free" home water tests**

Fraudulent sellers that advertise "free home water testing" may only be interested in selling you their water treatment device, whether you need it, or not. In performing the test, the salesperson may add tablets or droplets of chemicals to your tap water, explaining that the water will change color or that particles will form if the water is contaminated. When the water changes color before your eyes, the salesperson may warn you that the water is polluted and may cause cancer. In almost all of these cases, any water (even spring water) would "fail" the company's test."

(http://myfloridalegal.com/pages.nsf/main/3d0fd1650fc920c485256cc900698282!OpenDocument.)

JACKSON believes that the putative Class(es) exceed forty (40) customers and is therefore so numerous that joinder of all members would be impracticable.

43.     Questions of law or fact common to the Class(es) exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

(a) Whether HOME DEPOT and CWS's selling of water treatment systems using a Referral System violates the North Carolina's Referral Sales statute and/or G.S. § 75-1.1;

(b) Whether HOME DEPOT and CWS's use of the unlawful Referral Program constitutes an unfair and deceptive trade practices in violation of G.S. § 75-1.1; and

(c) Whether HOME DEPOT and CWS's standardized testing procedure constitutes an unfair and deceptive trade practice in violation of G.S. § 75-1.1

44.     The claims asserted by JACKSON in this action are typical of the claims of the members of the Class(es) as defined above because HOME DEPOT and CWS use standardized referral programs, tests, and contracts. The claims in this action arise from the uniform course of conduct by HOME DEPOT and CWS in the unlawful sale of water treatment systems to Class members based on an illegal Referral Program and based upon a false and misleading water test. Because HOME DEPOT and CWS routinely solicit customers based on a uniform Referral Program, JACKSON's claims are typical of the Class(es) he seeks to represent.

45.     JACKSON will fairly and adequately represent and protect the interests of the members of the Class(es) because he has no interest antagonistic to the Class(es) he seeks to represent, and because the adjudication of his claims will necessarily decide the identical issue for other class members. There is nothing peculiar about JACKSON's transaction that would

9

make him inadequate as class representative. JACKSON has retained counsel competent and experienced in both consumer protection and class action litigation.

46. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the economic damages suffered by each individual class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive. It would be difficult, if not impossible, to obtain counsel to represent JACKSON and other class members on an individual basis for such small claims. More importantly, the vast majority of class members are not aware that the referral scheme and contracts used by HOME DEPOT and CWS violate the UDTPA and other state laws, and a class action is the only viable means of adjudicating their rights. There will be no difficulty in the management of this litigation as a class action, as the legal issues affect a standardized pattern of conduct by HOME DEPOT and CWS.

47. HOME DEPOT and CWS also acted and refused to act on grounds generally applicable to the Class(es), thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Class(es) as a whole. HOME DEPOT and CWS should be enjoined from the conduct alleged herein.

**COUNT I**
**VIOLATION OF REFERRAL SALES STATUTE BY HOME DEPOT AND CWS**

48. JACKSON re-alleges paragraphs 1 through 47 above as if set forth fully in this Count.

49. Third Party Defendants HOME DEPOT and CWS sell water treatment systems through home solicitation and referral sales. HOME DEPOT and CWS knowingly and willfully

10

solicit and sell their water treatment systems by offering free products and/or compensation to potential customers who agree to refer other customers to HOME DEPOT and CWS.

50. JACKSON and Class members were solicited by HOME DEPOT and CWS at their homes, and purchased water treatment systems after HOME DEPOT and CWS represented that the purchase price of the water treatment systems would be reimbursed after they referred other individuals to listen to HOME DEPOT and CWS's sales demonstrations, and that they would receive referral checks for referrals.

51. North Carolina's Referral Sales statute states:

> The advertisement for sale or the actual sale of any goods or services (whether or not a consumer credit sale) **at a price or with a rebate or payment or other consideration to the purchaser that is contingent upon the procurement of prospective customers provided by the purchaser, or the procurement of sales to persons suggested by the purchaser**, **is declared to be unlawful**. Any obligation of a buyer arising under such a sale shall be void and a nullity and a buyer shall be entitled to recover from the seller any consideration paid to the seller upon tender to the seller of any tangible consumer goods made the basis of the sale.

G.S. § 25A-37 (emphasis added).

52. A "referral sale" is a transaction in which a person is induced to purchase goods or service upon the representation that the purchaser can reduce or recover the purchase price, or earn a commission or other consideration, by referring other prospective buyers to the seller for similar purchases.

53. Here, JACKSON and class members purchased a water treatment system from HOME DEPOT and CWS that included payments and other consideration based upon the procurement of prospective customers in violation of G.S. § 25A-37.

54. Exhibit A is a HOME DEPOT contract for JACKSON's transaction which specifically references the Referral Program.

55.    JACKSON's and class members' contracts and sales constitute an unlawful referral sale in violation of G.S. § 25A-37.

56.    As a result, JACKSON and class members are entitled to a declaration that their obligations under the agreement are void and a nullity, damages (including but not limited to consideration paid), injunctive relief, and attorney's fees and costs as allowable under the Referral Sales Statute.

## COUNT II
## VIOLATION OF NORTH CAROLINA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY HOME DEPOT AND CWS

57.    JACKSON re-alleges paragraphs 1 through 47 above as if set forth fully in this Count.

58.    G.S. § 75-1.1 states that "unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

59.    The purpose of G.S. § 75-1.1 was "to encourage enforcement of the act by private individuals injured by unfair trade practices."

60.    HOME DEPOT and CWS's soliciting and selling of water treatment systems through home solicitations and referral sales constitutes "commerce" as defined by G.S. § 75-1.1.

61.    HOME DEPOT and CWS's violation of the Referral Sales statute constitutes a *per se* violation of G.S. § 75-1.1 (see G.S. § 25A-44(4)).  Moreover, HOME DEPOT and CWS violated G.S. § 75-1.1 by, inter alia, by performing precipitant tests on customers' tap water as indicative of pollution or contamination.

62.    As a proximate result of HOME DEPOT and CWS's unfair and deceptive conduct, JACKSON and class members have been harmed.

63.     JACKSON and class members are entitled to restitution and treble damages pursuant to G.S. § 75-16, as a remedy to HOME DEPOT and CWS's continuing pattern and practice of unfair and deceptive trade practices.

64.     JACKSON and class members are also entitled to injunctive relief, and attorney's fees and costs pursuant to G.S. § 75-16.1.


## PRAYER FOR RELIEF

WHEREFORE, JACKSON, individually and on behalf of all others similarly situated, prays for a judgment against the Third-Party Defendants, as follows:

a)  For an order certifying the Class(es), pursuant to Rule 23 of the North Carolina Rules of Civil Procedure as provided in N.C. Gen. Stat. § 1A-1;

b)  For an order appointing JACKSON as representative of the Class(es), and appointing the law firms representing JACKSON as counsel for the Class(es);

c)  Enter all appropriate orders, for discovery and otherwise, consistent therewith; and

d)  Enjoin the Third-Party Defendants from further violations of N.C. G. S. § 25A-37 and § 75-1.1.


## DEMAND FOR A JURY TRIAL

JACKSON, on behalf of himself and all others similarly situated, hereby demands a trial by jury.


Dated: November 18, 2016                    Respectfully Submitted,

13

**WHITFIELD BRYSON MASON, LLP**

  /s/ Daniel K. Bryson
Daniel K. Bryson
N.C. Bar No.:15781
J. Hunter Bryson
N.C. Bar No.:50602
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035
dan@wbmllp.com
hunter@wbmllp.com


**BLOSSOM LAW PLLC**

Rashad Blossom
State Bar No. 45621
225 E. Worthington Avenue
Charlotte, NC 28203
Telephone: (704) 256-7766
Facsimile: (704) 626-3188
rblossom@blossomlaw.com


**VARNELL & WARWICK, P.A.**

Janet R. Varnell
Florida Bar No.:  0071072
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
jvarnell@varnellandwarwick.com

*Attorneys for Defendant/Third-Party-Plaintiff*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the Clerk of Court this 18th day of November, 2016, by using the CM/ECF system which will send notice of electronic filing to all parties of record.

*/s/ Daniel K. Bryson*
Daniel K. Bryson