IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CITIBANK, N.A. </br></br>  Plaintiff, </br></br>v. </br></br>GEORGE W. JACKSON, </br></br>  Defendant. </br>_____ </br>GEORGE W. JACKSON, </br></br>  Third-Party Plaintiff, </br></br>v. </br></br>HOME DEPOT U.S.A., INC. and </br>CAROLINA WATER SYSTEMS, INC. </br></br>  Third-Party Defendants. | Civil Action No. 3:16-cv-00712-GCM |

**HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS
MOTION TO REALIGN THE PARTIES**

In his response, Mr. Jackson tries to avoid the simple realignment question presented by Home Depot's Motion to Realign the Parties. Instead of addressing it, Mr. Jackson urges the Court not to reach it or to delay reaching it and focus on his remand arguments. But the issue of party alignment should not be avoided or deferred. The Court and the parties are entitled to proper and consistent party alignment designations that reflect the primary purpose of the litigation and the respective roles of the parties under the Class Action Fairness Act of 2005 ("CAFA"), which governs removal of Mr. Jackson's class action.

When Mr. Jackson does attempt to address the party alignment issue, he

concedes the principal purpose test applies, but he misapplies it. Contrary to Mr. Jackson's arguments, the principal purpose of this lawsuit is measured at the time of removal. At that time, Citibank's initial debt collection claim had been dismissed, and the only claims in this lawsuit were Mr. Jackson's individual claim against Citibank, which he has since withdrawn, and his class claims against Home Depot and Carolina Water Systems ("CWS").

And Mr. Jackson's complaints about so-called "forum shopping" do not apply to Home Depot, which has never asserted a claim against Mr. Jackson or chosen any forum other than this Court. Home Depot merely exercised the statutory removal rights afforded to it under CAFA when a class action plaintiff hales it into state court. Had Mr. Jackson initiated the case against Home Depot in its current form, there would be no question about the style of the case caption. With Citibank's claims no longer in the case, the answer is the same. Based on the principal purpose test, the parties should be realigned with Mr. Jackson as the plaintiff and Home Depot and CWS as defendants.

## ARGUMENT

### I. THE COURT SHOULD REACH THE PARTY REALIGNMENT ISSUE AND DECIDE IT FIRST.

Party realignment should precede removal issues. Broadly speaking, the removal inquiry under CAFA breaks down into two parts: (1) removal jurisdiction (i.e., does the class action belong in federal court?) and (2) removal authority (i.e., who may remove the class action?). Mr. Jackson asks the Court to decide both of these questions, which he raises in his Motion to Remand, before addressing party

alignment. Proper party alignment, however, impacts both inquiries, and should be addressed at the outset.

### A. CAFA Contemplates Proper Party Alignment As A Matter Of Federal Law.

Home Depot has asked the Court to realign the parties to properly reflect their status in the underlying class action lawsuit. In response, Mr. Jackson challenges the Court's authority to consider party realignment at all under CAFA. *See* Doc. 27 at 10-13. Contrary to Mr. Jackson's argument, the Court can and should address party realignment as it applies CAFA to the particular circumstances of this case.

In general, this Court has an obligation to satisfy itself about its subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") When considering a removal under CAFA, that inquiry includes examining party realignment. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 335-36 (4th Cir. 2008). CAFA, in fact, contains repeated references to the terms "plaintiffs" and "defendants." *See, e.g.*, 28 U.S.C. § 1332(d)(2) (expanding federal court jurisdiction to include "class actions" where the amount in controversy exceeds $5 million and "any member of a class of **plaintiffs** is a citizen of a State different from any **defendant.**") (emphasis added). In other words, the Court is not limited by jurisdictional constraints from reaching the party realignment issue, as Mr. Jackson contends.

In his remand brief, Mr. Jackson tries to minimize the interplay of party alignment and CAFA. Yet, even Mr. Jackson implicitly acknowledges the problems created by the parties' current labels. Despite Mr. Jackson's efforts to excise the relevant statutory language from his remand brief, *see, e.g.*, Doc. 24 at 4 (omitting CAFA statutory language referring to a "class of plaintiffs" and "proposed plaintiff classes"), he refers to himself as one of the "plaintiffs" and to the other parties as "defendants," accepting the natural party alignment Home Depot seeks and that exists based on the principal purpose of the underlying lawsuit. Doc. 24 at 18 (the "plaintiffs incurred the principal alleged injuries in North Carolina."), at 16 ("CWS, a defendant from whom significant relief is sought, is a citizen of North Carolina.") Proper party alignment based on the actual roles of the parties in the class action lawsuit at issue will eliminate confusion and clarify the parties' statutory rights and obligations under CAFA.

Finally, party alignment is a matter of federal law. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (determining party alignment as part of removal authority inquiry); *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 69, 62 S. Ct. 15, 17 (1941) (same as part of jurisdictional inquiry). Under federal law, courts interpret CAFA without any of the "antiremoval presumptions" Mr. Jackson relies on. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court") (alteration added). Based on the plain language of CAFA, the parties' designations as "plaintiffs" and

"defendants" are relevant to the Court's jurisdiction and Home Depot's authority for removal. *See* 28 U.S.C. §§ 1331(d) and 1453(b); *see also Palisades*, 552 F.3d at 336 (holding that the "question of realignment concerns removal" and "removal jurisdiction and realignment are not severable for determining the proper standard of review").

Here, because the "question of realignment concerns removal," this Court undoubtedly has the authority to consider the party alignment issue. *See Palisades*, 552, F.3d at 336. Even if the Court declines to realign the parties, as Home Depot requests, the Court still has jurisdiction over this case under CAFA, and, for the reasons Home Depot outlines in its opposition to Mr. Jackson's Motion To Remand, the case belongs in federal court. *See* Doc. 36. Given that only Mr. Jackson's class action claims remain in this lawsuit, though, deciding party realignment based on the principal purpose of those class action claims facilitates a more straightforward and consistent application of CAFA to this case.

### B. Party Alignment Is Relevant To And Should Be Considered Alongside The Removal Inquiry.

Alternatively, Mr. Jackson urges the Court to delay addressing party alignment, at least until after it decides whether Home Depot has "standing"—i.e., authority—to remove this class action under CAFA based on its party label. Doc. 27 at 8. But Mr. Jackson's sequencing argument only delays the inevitable. The issue of party alignment should be decided in tandem with Mr. Jackson's Motion to Remand because the "question of realignment concerns removal." *See Palisades*, 552 F.3d at 336.

The four cases relied on by Mr. Jackson, including *Palisades*, only underscore the point. *See* Doc. 27 at 8-9 (citing *Palisades, Deaver, Progressive West* and *Ford Motor*). Each of them addresses the realignment issue as a matter of federal law. This Court should, too, and, as Home Depot contends, should realign the parties to reflect their true status in this dispute. In addition, Mr. Jackson's attempt to distinguish cases where the issue of party alignment had "jurisdictional consequences" not only undermines his jurisdictional argument that the Court lacks authority to consider party alignment, as discussed above, but also shows that realignment should be addressed sooner, rather than later. Doc. 27 at 9.

Similarly, by suggesting Home Depot should have sought realignment in state court before removing the case to this Court, Mr. Jackson neglects two aspects of removal. First, he ignores the removal statute's thirty-day time period, *see* 28 U.S.C. 1446(b), which provides a valid "reason" and "rationale" for why Home Depot removed the case before seeking realignment in state court, were such motivations relevant. Doc. 27 at 10. Second, even if the state court were to realign the parties, "[f]or the purposes of removal, the federal law determines who is plaintiff and who is defendant." *Stude*, 346 U.S. at 580 (relabeling party as plaintiff because the "institution and continuance of the proceedings depend on its will").

In other words, party alignment is not merely a procedural device limited to situations where "the parties were somehow improperly aligned in the first instance," as Mr. Jackson contends. Doc. 27 at 10. Nor may proper party designations be taken for granted based on the parties' state court labels. Under

6

Case 3:16-cv-00712-GCM   Document 37   Filed 12/14/16   Page 6 of 12

CAFA, proper party alignment should precede inquiries about removal jurisdiction and authority. The Court should therefore resolve the parties' proper alignment as a threshold matter.

## II. PARTY REALIGNMENT IS BASED ON WHAT THIS CASE IS, NOT WHAT IT "WAS" OR MAY BE IN THE FUTURE.

As Home Depot outlines in its opening brief, the parties should be realigned with Mr. Jackson as plaintiff and the other parties as defendants, because "the primary and controlling matter in dispute" is Mr. Jackson's class action lawsuit against the other parties. Doc. 15 at 2-3. In response, Mr. Jackson argues that the principal purpose of the underlying case "was" to collect a debt, and, despite Citibank's dismissal of its debt collection claim prior to removal, the principal purpose somehow "hasn't changed." Doc. 27 at 13. Moreover, even though he dismissed his own claims against Citibank, Mr. Jackson argues that until Citibank's claims are "conclusively resolved," even if never again asserted in court, "they remain the undisputed primary purpose of this action." Doc. 27 at 13-14.

Mr. Jackson, however, disregards an important rule of law. "[F]ederal jurisdiction . . . is fixed . . . at the time the complaint or notice of removal is filed" in federal court. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008). Jurisdiction is not determined based on the past or speculation about the future. At the time of removal, the only claims relevant for assessing the "'collision of interests' from the 'principal purpose of the suit, and the primary and controlling matter in dispute,'" are Mr. Jackson's claims—the only claims in the case. *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995) (quoting

7

*Indianapolis,* 314 U.S. at 69, 62 S. Ct. at 17). The "institution and continuance of the proceedings depend on [his] will." *See Stude,* 346 U.S. at 580.

Notwithstanding this result under the controlling legal framework, Mr. Jackson argues that party realignment should be prohibited here to "discourage . . . blatant forum shopping." Doc. 27 at 6. Mr. Jackson has no basis to level charges of forum shopping or "manufacture[d] federal jurisdiction." Doc. 27 at 7. The concerns over forum shopping by original plaintiffs, as expressed in the cases cited by Mr. Jackson, do not apply to Home Depot. As Mr. Jackson acknowledges, it was he who "slapped" Home Depot with a class action lawsuit. Doc. 27 at 5. Home Depot never asserted any claims against Mr. Jackson and did not choose a state court forum to litigate any claims.

Moreover, Mr. Jackson's claim that "Citibank could have sought to sue Jackson in arbitration, but decided instead to sue in state court" is simply wrong. Doc. 27 at 4. Under the card agreement between Mr. Jackson and Citibank, Citibank agreed not to initiate a debt collection action in arbitration, while Mr. Jackson agreed to arbitrate all his claims. Doc. 13-1, Ryning Aff., Ex. 1 (Card Agreement). So it was Mr. Jackson, not Citibank, who chose an improper forum when he filed his class action lawsuit in state court. Mr. Jackson's failure to honor the parties' arbitration agreement should not be rewarded by placing limits on the CAFA removal rights of a newly added defendant like Home Depot.

In any event, Mr. Jackson's argument about Citibank is a red herring. Citibank did not remove this case. Home Depot did. And Home Depot has an

8
Case 3:16-cv-00712-GCM   Document 37   Filed 12/14/16   Page 8 of 12

independent statutory right to remove under CAFA. Moreover, Citibank's claims were dismissed prior to removal, and Mr. Jackson dismissed his claims against Citibank in his amended counterclaim. Doc. 30. Thus, there is no counterclaim—Citibank is no longer in the case. As a consequence, Mr. Jackson's reliance on *Arrow Fin. Servs., LLC v. Williams*, No. 10-3416-CV-S-DW, 2011 WL 9158435 (W.D. Mo. Jan. 20, 2011), and *Chancellor's Learning Sys., Inc. v. McCutchen*, No. 1:07 CV 1623, 2008 WL 269535 (N.D. Ohio Jan. 29, 2008) is entirely misplaced. In both *Arrow* and *Chancellor's*, the court considered the possibility that the original plaintiff, who was a removing party, may reassert its claim in the removed class action. *See Arrow*, 2011 WL 9158435, at *4; *Chancellor's*, 2008 WL 269535, at *3. Here, because Citibank is no longer a party, that possibility is eliminated. There is only a plaintiff (Mr. Jackson) and defendants (Home Depot and Carolina Water Systems). Finally, through his claims, Mr. Jackson purports to represent a group of water treatment system purchasers, regardless of whether they financed their purchase, as he did. In other words, the primary purpose of his putative class action has nothing to do with debt collection.

In this lawsuit, Home Depot has never occupied any position other than as a party defending against Mr. Jackson's class action claims, and, as even Mr. Jackson must admit, Home Depot "appears to be more of a 'defendant' for purposes of CAFA removal and jurisdiction." Doc. 27 at 7. Under the circumstances, the principal purpose test allows the Court to realign the parties to reflect that reality.

## CONCLUSION

For the foregoing reasons, Home Depot respectfully requests that the Court grant its Motion to Realign the Parties and realign Mr. Jackson as plaintiff and the other parties as defendants.

Respectfully submitted, this 14th day of December, 2016.

       /s/ David Guidry
David Guidry (N.C. Bar No. 38675)
*Counsel for Third-Party Defendant*
*Home Depot U.S.A., Inc.*

KING & SPALDING LLP
100 North Tryon Street
Suite 3900
Charlotte, NC 28202
Telephone: 704-503-2640
Facsimile: 704-503-2622
Email: dguidry@kslaw.com

Of Counsel:

S. Stewart Haskins
J. Andrew Pratt
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: 404.572.4600
Fax: 404.572.5100
shaskins@kslaw.com
apratt@kslaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles E. Raynal, IV
charlesraynal@parkerpoe.com
Matthew H. Mall
matthewmall@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601

Rashad Blossom
rblossom@blossomlaw.com
BLOSSOM LAW PLLC
225 E. Worthington Avenue, Suite 200
Charlotte, NC 28203

Daniel K. Bryson
dan@wbmllp.com
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, NC 27603

Janet R. Varnell
jvarnell@varnellandwarwick.com
VARNELL & WARWICK, P.A.
P.O. Box 1870
Lady Lake, FL  32158

William R. Terpening
terpening@terpmo.com
TERPENING MOORS PLLC
6733 Fairview Road, Suite C
Charlotte, NC 28210

Jack Gerald Zurlini, Jr.
jgz@berensonllp.com
BERENSON LLP
308 W. 1st Avenue, Suite 303
Spokane, WA 92201


This the 14th day of December, 2016.

                                       */s/ David Guidry*
                                       David Guidry (N.C. Bar No. 38675)
                                       *Counsel for Third-Party Defendant*
                                       *Home Depot U.S.A., Inc.*