**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:16-CV-00712-GCM

| | | |
|---|---|---|
| CITITBANK, N.A., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GEORGE W. JACKSON, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| GEORGE W. JACKSON, | ) | |
| | ) | |
| **Counter-Plaintiff and Third-Party Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| CAROLINA WATER SYSTEMS, INC., | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Third-Party Defendant Home Depot's Motion to Realign the Parties (Doc. No. 14), Defendant, Counter-Plaintiff, and Third-Party Plaintiff George W. Jackson's Motion to Remand (Doc. No. 23), Jackson's Memorandum in Opposition to Motion to Realign the Parties (Doc. No. 27), Home Depot's Response to Motion to Remand (Doc. No. 35), Home Depot's Reply to Response to Motion to Realign the Parties (Doc. No. 37), and Jackson's Reply to Reponses to Motion to Remand (Doc. No. 38).

1

1) **Background**

Jackson was sued by Plaintiff and Counterclaim Defendant Citibank NA ("Citibank") to collect an allegedly outstanding debt for a water filtration system purchased by Jackson from Home Depot and Counterclaim Defendant Carolina Water Systems ("CWS"). Jackson timely answered and asserted a Third Party class action complaint on August 26, 2016, alleging that Home Depot and CWS had a scheme of misleading customers about the alleged dangerousness of their water and subsequently selling them unnecessary water filtration systems. Jackson claims this scheme is an unfair and deceptive trade practice. Further, Jackson alleges Home Depot's and CWS's advertising and solicitation of water treatment system, offering free products and/or compensation to potential customers who agree to refer other purchasing customers, is a violation of North Carolina's Referral Sales Statute. G.S. § 25A-37. Citibank voluntarily dismissed its lawsuit without prejudice against Jackson on September, 23 2016.

Counter-Plaintiff Jackson asserts claims on behalf of himself and "[a]ll persons in the state of North Carolina that entered into a Home Improvement Agreement with Home Depot for 'water treatment' equipment." Complaint, ¶ 46. Further, Counter-Plaintiff Jackson asserts claims on behalf of himself and "[a]ll persons in the state of North Carolina that purchased a Water Treatment System from Carolina Water Systems, Inc., during the Class Period." *Id.*

On October 28, 2016 Third-Party Defendant Home Depot filed a Motion to Realign the Parties. On November 8, 2016 Counter-Plaintiff Jackson filed a Motion to Remand. The analysis for these motions affect each other and so the Court's analysis handles both motions.

## 2) Standard of Review

28 U.S.C.A. § 1441, the general removal statute, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a).

CAFA expanded federal diversity jurisdiction by conferring original federal jurisdiction over class actions in which "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.A. § 1332(d)(2).

Plus Congress added 28 U.S.C.A. § 1453(b), which says:

> A class action may be removed to a district court of the United States in accordance with [28 U.S.C. § ] 1446 (except that the 1–year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

"We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility,* 530 F.3d 293, 296 (4th Cir.2008) (citations omitted).

**3) Analysis**

A.

The analysis of whether third-party defendant Home Depot is allowed to remove a case to federal court is straight forward. There is clear Fourth Circuit precedent on this issue that says only the original defendant in a case is granted the power to remove. Home Depot argues that this precedent should no longer be followed. This Court disagrees as is explained below.

The Fourth Circuit has held that "an additional counter defendant is not a 'defendant' for purposes of § 1441(a)." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008). This holding is consistent with the Supreme Court case *Shamrock Oil & Gas Corp v. Sheets*, 61 S.Ct. 868 (1941) which courts have applied to "consistently refuse[] to grant removal power under § 1441(a) to third-party defendants—parties who are not the original plaintiffs but who would be able to exercise removal power under ATTM's interpretation." *Palisades*, 552 F.3d at 332.

Home Depot argues that the *Palisades* precedent that third-party defendants are not permitted to remove cases to federal court under § 1453(b) has since been overruled by the Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014).

Interestingly, in a nearly identical case the Seventh Circuit Court of Appeals rejected the same argument made by Home Depot in its court. *Tri-State Water Treatment, Inc. v. Bauer v. Home Depot U.S.A., Inc*., 845 F.3d 350 (7th Cir. Jan. 5, 2017). In *Bauer*, Tri-State Water Treatment brought a collection action against the Bauers for failing to pay for a water treatment system that Tri-State installed after doing a free, in-home assessment of the water in the Bauers' house. *Id.* at 352. The Bauers responded by filing a class-action counterclaim against Aquion,

Inc. and Home Depot. *Id.* Home Depot timely filed a notice of removal. The similarities of the *Bauer* case to the current case before the Court are apparent. The district court in *Bauer* found that CAFA did not expand the parties entitled to removal beyond the original defendants and Home Depot appealed. *Id.*[1]

While decisions from other circuits are not precedential, they can be highly persuasive in the Court's analysis of a legal issue. *See, eg. Stuckey v. Colvin¸*2013 WL 6185837 (E.D.Va. Nov. 24, 2013); *Morrison v. Astrue*, 2011 WL 1303651 (W.D.N.C. Mar. 31 2011).

The Seventh Circuit's reaction in *Bauer* when Home Depot made the argument that *Dart Cherokee* has changed the analysis of the interpretation of which defendants have the power to remove is identical to this Court's reaction:

> This is slightly surprising because *Dart Cherokee* does not address the issue before us . . . there is not a whisper in *Dart Cherokee* of any move to overrule *Shamrock Oil*. If that is where the Supreme Court is going, it will have to get there on its own; it is not for us to anticipate such a move.

*Bauer* at 356.

The Court finds that *Dart Cherokee* did not overrule the holdings of *Shamrock Oil* and *Palisades* and therefore Home Depot, being not an original defendant, did not have the right to remove this case to federal court.

B.

In addition, Home Depot argues that the Court should first realign the parties making Home Depot the defendant in this case before reaching the question of remand.

---

[1] The Seventh Circuit found the Fourth Circuit case *Palisades* to be "directly on point, as it rejected an additional counter-claim-defendant's argument for removal under § 1453(b). The Fourth Circuit reasoned that the word 'any' did not change the well-established meaning of 'defendant.'" *Bauer*, 845 F.3d at 356 (citation omitted).

(Doc No. 36 at 7-8). It is argued that Jackson should be realigned as the Plaintiff and Home Depot and Carolina Water Systems should be realigned as the Defendants. Under this alignment, the removing party would arguable be a "defendant" for the purposes of the removal statute.

Federal courts have a "duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 69, 62 S. Ct. 15, 17 (1941) (internal quotation marks omitted).

"The Fourth Circuit has adopted the two-step principal purpose test to assess the proper alignment of parties." *Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 842983 (M.D.N.C. Mar. 4, 2014) (citing *Palisades,* 552 F.3d at 337). "Application of the principal purpose test entails two steps. First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995).

In this case the "principle purpose" for Citibank to file this suit was to collect Jackson's debt. On that issue, the parties were properly aligned. *See e.g. Arrow Financial Services, LLC v. Williams*, 2011 WL 9158435, at *4 (W.D.Mo. Jan, 20, 2011); *Palisades*, 552 F.3d at 337.

This is not a situation where there are antagonistic parties on the same side. Even if the parties were not properly aligned, a second consideration would weigh significantly against realignment. Prior to removal, Citibank dismissed its claim against Jackson *without prejudice*. In similar circumstances, courts have found that allowing realignment only to create federal jurisdiction would promote forum shopping. *See Chancellor's*

*Leaning Sys., Inc. v. McCutchen*, 2008 WL 269535, at *3 (N.D.Ohio Jan 29, 2008) (explaining "[plaintiff] brought a breach of contact action in state court ... [defendant] answered and filed a counterclaim asserting a claim under a federal statute. Thereafter, [plaintiff] ma[de] a strategic decision to dismiss its complaint without prejudice and remove the action ... [that] claim has not been adjudicated and by dismissing without prejudice, [plaintiff] may intend to re-assert the claim as a counterclaim [or setoff] in federal court if removal is permitted ... the Court ... will not re-align the parties to enable [plaintiff] to forum shop."); *see also, Arrow*, 2011 WL 9158435 at *4; *General Credit Accceptance, Co. LLC v. Deaver*, 2013 WL 2420392 (E.D.Mo. June 3, 2013).

Since the parties are properly aligned according to the principal purpose test and realignment would only serve the purpose of forum shopping, the Court refuses to realign the parties.

**4) Conclusion**

For all the reasons set for forth above, it is hereby

**ORDERED** that Jackson's Motion to Remand (Doc. No. 23) is **GRANTED**; it is further

**ORDERED** that Home Depot's Motion to Realign the Parties (Doc. No. 14) is **DENIED**; it is further

**ORDERED** that all other pending motions are **DISMISSED WITHOUT PREJUDICE**, subject to refiling in the Superior Court of Mecklenburg County; it is further

**ORDERED** that this case is remanded to the Superior Court of Mecklenburg County.

**SO ORDERED.**

Signed: March 21, 2017

Graham C. Mullen
United States District Judge