**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-712-GCM**

| | |
|---|---|
| CITIBANK, N.A. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GEORGE W. JACKSON, | ) ) |
| Defendant. | ) **ORDER** |
| _____ | ) ) ) |
| GEORGE W. JACKSON, | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| HOME DEPOT, USA, INC. and CAROLINA WATER SYSTEMS, INC. | ) ) ) |
| Third-Party Defendants. | ) ) |

**THIS MATTER** is before the Court on Third-Party Defendant's Motion for Stay of Remand Order Pending Appeal (Doc. No. 45). For the reasons set forth below, this Motion is hereby **GRANTED.**

**I. BACKGROUND**

Jackson was sued by Plaintiff Citibank, N.A. to collect an allegedly outstanding debt for a water filtration system purchased by Jackson from Home Depot U.S.A., Inc. ("Home Depot") and Carolina Water Systems, Inc. ("CWS"). Jackson answered and filed a third-party class action complaint, alleging that Home Depot and CWS had a scheme of misleading customers

1

about the alleged dangerousness of their water and subsequently selling them unnecessary water filtration systems.

Citibank, N.A. voluntarily dismissed its lawsuit against Jackson on September 23, 2016, and Home Depot removed the remaining class action lawsuit to federal court on October 12, 2016. On October 28, 2016, Home Depot filed a Motion to Realign the Parties (Doc. No. 14). On November 8, 2016, Jackson filed a Motion to Remand to State Court (Doc. No. 23). This Court granted the Motion to Remand, finding lack of subject matter jurisdiction, and denied the Motion to Realign the Parties on March 21, 2017. Home Depot timely filed a petition for permission to appeal this Court's Remand Order under 28 U.S.C. § 1453 and subsequently filed this Motion for Stay of Remand Order Pending Appeal.

## II. DISCUSSION

### A. Jurisdiction

The first issue for the Court is whether it has the authority to stay its remand order when it has previously determined that it lacks subject matter jurisdiction over the case. Ordinarily, when a district court lacks subject matter jurisdiction over a case, it must be remanded, and such remand is not appealable. 28 U.S.C. § 1447(c), (d) (2012); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 ("As long as a district court's remand is based on . . . lack of subject-matter jurisdiction . . . a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).").

However, 28 U.S.C. § 1453(c) carves out a limited exception to § 1447(d), allowing courts of appeals to accept an appeal from a district court order granting or denying a motion to remand a class action if application is made to the court of appeals within ten days of the remand order. Other courts addressing this issue have exercised limited jurisdiction over motions to stay

2

remand orders on the basis of the § 1453(c) exception. *See, e.g.*, *Manier v. Medtech Products, Inc.*, 29 F. Supp. 3d. 1284, 1287 (S.D. Cal. 2014) ("The Court finds that it is appropriate for the Court to address a motion to stay pending appeal of a remand order as Congress has specifically allowed these remand orders to be appealable."); *W. Va. ex rel. Morrisey v. Pfizer, Inc.*, No. 3:13-2546, 2013 WL 12182097 at *1 (S.D. W. Va. June 16, 2013) (assuming, without deciding, the existence of jurisdiction); *Dalton v. Walgreen Co.*, No. 4:13cv603, 2013 WL 2367837 at *1 (E.D. Mo. May 29, 2013) ("To hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow."); *Lafalier v. Cinnabar Serv. Co.*, 2010 WL 1816377 at *1 (N.D. Okla. Apr. 30, 2010) ("The Court finds that it has the limited authority to reopen this case and stay its remand order, because appellate review of the Court's remand order is not barred by § 1447(d).").

Here, Home Depot filed its petition for review under the Class Action Fairness Act of 2005 ("CAFA") with the Fourth Circuit on March 31, 2017, within the statutory time frame. Given that Federal Rule of Appellate Procedure 8(a)(1) requires litigants to first seek a motion to stay in district court for any appealable order and the Remand Order in this case is appealable, this Court finds that it has the limited jurisdiction to rule on Home Depot's Motion for Stay.

**B. <u>Standard of Review</u>**

A judicial stay pending appellate review is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Niken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotations and citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 434.

There are four factors a court must consider in deciding whether or not to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors are the "most critical." *Niken*, 556 U.S. at 434.

C. **Analysis**

Home Depot has not met its burden of showing that it is likely to succeed on the merits of its appeal. This Court ruled against Home Depot in its initial attempt to remove this action to federal court. *Citibank, N.A. v. Jackson*, No. 3:16-cv-712, 2017 WL 1091367 (W.D.N.C. Mar. 21, 2017). Specifically, this Court emphasized that "clear Fourth Circuit precedent on this issue" disfavors Home Depot's argument. *Id.* at *2 (citing *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008)). Further, this Court relied on the Seventh Circuit's recent decision holding that the Supreme Court's ruling in *Dart Cherokee* did not even "address the issue" being raised by Home Depot. *Id.* at *3 (quoting *Tri-State Water Treatment, Inc. v. Bauer v. Home Depot USA, Inc.*, 845 F.3d 350, 356 (7th Cir. 2017)).

While the cases Home Depot cites from the Sixth, Ninth, and Eleventh Circuits do find that *Dart Cherokee* impacts the interpretation of CAFA, none of those cases come to the conclusion that counter-defendants are entitled to remove a case to federal court. *See Grasier v. Visionworks of Am., Inc.*, 819 F.3d 277 (6th Cir.); *Jordan v. Nationstart Mortg. LLC*, 781 F.3d 1178 (9th Cir. 2015); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). Thus, this Court finds that Home Depot has not met its burden of showing that it is likely to succeed on the merits of its appeal.

However, this Court finds that Home Depot has met its burden of showing that it will suffer irreparable harm absent a stay. Where the pending appeal addresses remand of a case, "a stay [may be] appropriate to prevent rendering the statutory right to appeal 'hollow.'" *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 1:16cv534 2016 WL 3346349, at *3 (E.D. Va. June 16, 2016) (citations omitted). If the order is not stayed, Home Depot will have to proceed concurrently in state court and the Fourth Circuit. Specifically, Home Depot will likely be compelled to engage in class-wide merits discovery under state court supervision. The cost of proceeding with discovery—and potentially re-litigating discovery issues in federal court—is likely to be high. And such costs are irreparable, as class action plaintiffs are generally of modest means and thus the costs of improper discovery requests cannot be later shifted. *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540, 2016 WL 4267954, at *2 (W.D.N.C. Aug. 11, 2016).

Jackson argues that the expedited review process of an appeal of a remand order under 28 U.S.C. § 1453(c) undermines any injury that Home Depot would incur. While this process may be expedited by statute, Home Depot would likely incur the costs of discovery and the lack of an opportunity to seek arbitration in federal court before the Fourth Circuit reaches its decision. Thus, "[s]ince the maintenance of the status quo is an important consideration in granting a stay," Home Depot's harms weigh in favor of granting its Motion to Stay. *See Dayton Bd. of Ed. v. Brinkman*, 439 U.S. 1358 (Rehnquist, Circuit Justice 1978).

Home Depot has further shown that Jackson would not experience much—if any—harm if this Court granted a stay. The only harm that Jackson alleges he will incur if a stay is granted is that it will delay the resolution of his claim. However, while the expedited review process for appeals under § 1453(c) may limit the extent of Home Depot's harm, it all but eliminates

Jackson's alleged harm.  Jackson's claims will only be delayed for a brief period of time, but Home Depot will still likely face state court decisions that would render its right to appeal the remand order hollow.  Thus, the balance of harms weighs in Home Depot's favor.

Finally, Home Depot has shown that a stay is in the best interest of the public.  The public has a strong interest in conserving judicial resources by reducing duplicative litigation in state and federal court.  And while a speedy resolution of Jackson's class action lawsuit is in the public's interest, the resolution of his claim would only be further delayed if the Fourth Circuit reverses this Court's remand order and the issues addressed in state court have to be re-litigated in federal court.  Thus, a stay preserving the status quo also protects the public interest by preserving judicial resources.

### III.  CONCLUSION

This Court finds that the balance of the factors of consideration weigh in favor of the issuance of a stay in this matter pending appeal.  Therefore, Home Depot's Motion should be granted.

**IT IS THEREFORE ORDERED** that Home Depot's Motion to Stay Order of Remand is **GRANTED**.

Signed: October 10, 2017

Graham C. Mullen
United States District Judge