# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:16-cv-00712-GCM

| | |
|---|---|
| CITIBANK, N.A. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GEORGE W. JACKSON, | ) |
| | ) |
|     Defendant. | ) |
| | )    **ORDER** |
| GEORGE W. JACKSON, | ) |
| | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT U.S.A., INC. and | ) |
| CAROLINA WATER SYSTEMS, INC. | ) |
| | ) |
|     Third-Party Defendants. | ) |

**THIS MATTER** is before the Court following the Order and Mandate of the Fourth Circuit Court of Appeals and on the Motion for Attorney Fees filed by George W. Jackson (Doc. No. 48).

## I. Background

This case was initially filed in the Superior Court of Mecklenburg County as an attempt by Citibank, N.A. ("Citibank") to collect an allegedly outstanding debt for a water filtration system purchased by George W. Jackson ("Jackson") from Home Depot U.S.A., Inc. ("Home Depot") and Carolina Water Systems ("CWS"). Jackson filed a counterclaim against Citibank and a third-party class action suit against Home Depot and CWS, alleging that Home Depot and

CWS had a scheme of misleading customers about the alleged dangerousness of their water and subsequently selling them unnecessary water filtration systems.

Citibank voluntarily dismissed its claims against Jackson without prejudice on September, 23 2016. Home Depot removed the matter into this Court on October 12, 2016, asserting that the Court had subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), which established federal jurisdiction over certain class action suits in which the matter in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d).

Jackson moved to remand on November 8, 2016, arguing that (1) the amount in controversy does not exceed $5 million, as required by CAFA, (2) the requirements for the Local Controversy Exception have not been met, and (3) third-party defendants, such as Home Depot, are prohibited from removal under the statute. This Court granted Jackson's Motion to Remand on Jackson's third ground, finding that Fourth Circuit precedent precluded a third-party defendant from removing a case from state court under CAFA.

Home Depot filed for permission to appeal this Court's Remand Order to the Fourth Circuit. This Court stayed the Remand Order while the case was pending before the Fourth Circuit. After the appeal was filed, Jackson filed a Motion for Attorney's Fees in this Court, alleging that Home Depot's attempt at removal was not objectively reasonable. The Fourth Circuit subsequently affirmed the Remand Order and issued its Mandate on February 13, 2018.

**II. Remand**

Pursuant to the Fourth Circuit's opinion affirming the Remand Order of this Court, this matter must be remanded to the Superior Court of North Carolina, Mecklenburg County.

### III. Attorney Fees

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that courts should award fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court's decision to award fees is discretionary. *Id.* at 139.

Here, Jackson's only argument in support of a fee award is that Home Depot knew or should have known that the amount in controversy requirement was not met.[1] In its Notice of Removal, Home Depot relied on the allegations of Jackson's complaint, which sought restitution and treble damages—among other forms of relief—on behalf of "several hundred class members" for "the unlawful sale of $9,000 water treatment systems" to determine that the speculative amount demanded by Jackson on behalf of the class "is at least $5,400,000." (Notice of Removal, 6). The Notice of Removal also stated that the request for attorneys' fees and injunctive relief would further increase the amount in controversy. (*Id.*).

When the amount in controversy is disputed, a court must evaluate the evidence and find whether, by a preponderance of the evidence, the case puts more than $5 million at issue. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). However, at the time of removal, the notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Thus, merely because a defendant may

---

[1] Jackson also raises the argument that Home Depot's attempted removal as a third-party defendant was objectively unreasonable in his reply memorandum. This argument does not appear in his initial motion or memorandum in support and thus will not be considered. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.").

later be unable to prove by a preponderance of the evidence that the amount in controversy is satisfied does not mean that filing a notice of removal is objectively unreasonable. Otherwise, every remand for failure to meet the amount in controversy would result in an award for attorney fees. *See e.g.*, *Ellison v. Credit Acceptance Corp.*, 177 F. Supp. 3d 967 (S.D. W. Va. 2016) (declining to award fees when the amount in controversy requirement was not satisfied); *Blettner v. Masick*, 1:15cv474, 2015 WL 7575924 (M.D.N.C. Nov. 25, 2015) (same).

Home Depot has provided evidence that at least 259 North Carolina customers have purchased water treatment systems, totaling $1,623,424. Assuming the full value of each of those contracts would be voided (per Jackson's complaint) and then trebled, this amount reaches $4,870,273. Home Depot then argues that the demanded injunctive relief and attorney fees in Jackson's complaint easily push the amount in controversy over $5 million. Both injunctive relief and attorney fees can be considered in evaluating the amount in controversy. *See JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (accounting for injunctive relief); *Aikens v. Microsoft Corp.*, 159 F. App'x 471, 475 (4th Cir. 2005) (accounting for attorney fees). And the state statutes that Jackson relies upon allow for these awards. *E.g.*, N.C.G.S. § 75-16.1 (attorney fee award).

While the Court need not determine whether Home Depot has proven that the amount in controversy exceeds $5 million by a preponderance of the evidence, the Court does find that Home Depot's allegations regarding the amount in controversy made at the time of filing the notice of removal were objectively reasonable. Thus, the Court declines to award fees in this matter.

## IV. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that this Court's prior stay is lifted; it is further

**ORDERED** that Jackson's Motion for Attorney Fees (Doc. No. 48) is **DENIED**; it is further

**ORDERED** that this case is remanded to the Superior Court of Mecklenburg County.

**SO ORDERED.**

Signed: February 23, 2018

Graham C. Mullen
United States District Judge